427 So.2d 1192 (1983)
Clarence NARCISE
v.
ILLINOIS CENTRAL GULF RAILROAD CO., Pullman Incorporated, et al.
No. 82-CC-1245.
Supreme Court of Louisiana.
February 23, 1983.
*1193 David M. Cambre, Dillon & Cambre, New Orleans, for third party plaintiff-appellant.
Thomas J. Wyllie, Edward D. Markle, Adams & Reese, John J. Weigel, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Robert N. Ryan, Bienvenu, Foster, Ryan & O'Bannon, New Orleans, for third party defendant appellee.
LEMMON, Justice.
This case is before the court on certification from the United States Court of Appeals, Fifth Circuit, for resolution of certain issues relating to solidary liability under state law.

I.
The facts of the case, as stated by the certifying court, are as follows:
"Plaintiff, Clarence Narcise, filed suit against Illinois Central Gulf Railroad (hereinafter referred to as `ICG') under the provisions of the Federal Employer's Liability Act (FELA), 45 U.S.C. § 51 et seq., and the Federal Safety Appliance Act (FSAA), 45 U.S.C. § 1 et seq., seeking damages for injuries he received while working within the course and scope of his employment with the railroad. At the time of the accident, Mr. Narcise had positioned himself between two railroad cars in an attempt to facilitate the coupling of said cars. ICG contends that, while Mr. Narcise was in this position, the knuckle of a railroad car coupling assembly suddenly sprang open, forcibly striking him in the abdomen.
"ICG filed an answer generally denying the plaintiff's allegations and pleading contributory negligence on the part of plaintiff and alternatively filed a thirdparty complaint and amending third-party complaints against A.O. Smith Corporation, Standard Pullman, Inc. and Trailer Train Company, Inc. for indemnification or, in the alternative, contribution. It was alleged in the third-party demands that Pullman, Inc. had manufactured the cars which were subsequently owned or leased by Trailer Train, Inc. ICG also alleged that A.O. Smith Corporation had manufactured a hydrabuff cushioning device which had been installed behind the car's coupling device.
"ICG based its demands on allegations that the defendants negligently designed their respective products and breached their implied warranties to the users of said cars. ICG also alleged that Trailer Train was negligent in maintaining the railroad cars in question. These alleged acts of omission or commission allegedly caused or contributed to causing injuries to Mr. Narcise.
"Plaintiff's main demand was severed by the lower court and was tried to a conclusion. The jury found that ICG was negligent under the FELA, had violated FSAA, was negligent in a manner that proximately caused or contributed to causing Narcise's injuries and that Narcise was not negligent.... The jury awarded Narcise damages in the amount of $175,000.00."
*1194 After the judgment on the main demand, the third party defendants filed a motion to dismiss the pending third party demands of ICG for failure to state a claim upon which relief could be granted. The district court granted the motions, holding that contribution is allowed only between debtors who are bound in solido. The court relied on Phillips v. Houston Fire & Casualty Insurance Company, 219 F.Supp. 420 (W.D.La. 1963), which held that there is no obligation in solido between an employer railroad sued under FELA and a third party tortfeasor sued under Louisiana tort law.
ICG appealed the dismissal of its third party demands. On appeal, the parties agreed that ICG's right to recover indemnity or contribution from third party defendants is to be determined under state law. See Ft. Worth & Denver Ry. Co. v. Threadgill, 228 F.2d 307, 312 (5th Cir.1955). Finding no state appellate decisions which have decided whether there is in solido liability between the railroad under FELA and a third party tortfeasor, or whether there can be an action for contribution or indemnity if there is no in solido liability, the Fifth Circuit certified the issue to this court.[1]

II.
La.C.C. Art. 2091 defines an obligation in solido as follows:
"There is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor."
The coextensive obligations for the "same thing" create the solidarity of the obligations. When it is not clear that the parties are all obliged to the same thing (as in the case of an agreement by several parties to repay a loan), then an obligation in solido is not presumed and must be expressly stipulated. La.C.C. Art. 2093. However, when it is entirely clear that the parties are all obliged to the same thing (as when the law requires each of two or more parties to pay tort damages concurrently caused by each party), then there is an obligation in solido by definition, as a matter of law, and there is no need to presume solidarity.[2] The presumption against solidarity is only designed to be of assistance when it is necessary to determine whether an obligation is joint or solidary.
Thus, an employer and an employee are solidarily liable for damages caused by the employee's negligence, although the employee's liability is based on his act or omission (Article 2315) and the employer's secondary and derivative liability is imposed by law on the basis of the relationship (Article 2320). While no statute or codal article stipulates solidary liability between the employer and the employee, the obligation is solidary as a matter of law. Both are obliged to the same thing (to repair the damage caused by the employee), neither is entitled to the benefit of division, and either may be compelled for the whole, so that payment by one exonerates the other toward the creditor. Foster v. Hampton, 381 So.2d 789 (La.1980); Sampay v. Morton Salt Co., 395 So.2d 326 (La.1981).
In the Hoefly case (cited in footnote 2), this court recently held that a timely suit against the tortfeasor interrupted prescription *1195 against the subsequently joined uninsured motorist carrier of the claimant, because the two defendants were solidary obligors. We held:
"An obligation is solidary among debtors when they are obliged to the same thing, so that each may be compelled for the whole, and when payment by one exonerates the other toward the creditor. When these characteristics result from provisions of law, as in the case of the obligation of the tortfeasor and uninsured motorist carrier, an obligation in solido exists without requiring an express declaration. Consequently, the plaintiff's timely and properly filed suit against the tortfeasors interrupted prescription as to his uninsured motorist carrier." 418 So.2d at 576.
Conceding this court's finding of in solido obligations in the foregoing cases, third party defendants in the present case point out that FELA and Louisiana tort law not only arise from different systems of law, but also have different standards of liability, different defenses, different prescriptive periods, different classes of beneficiaries in cases of wrongful death, and different elements of damages. They therefore argue that they and ICG cannot reasonably be characterized as liable for or obliged to "the same thing".
The fact that ICG is liable under the provisions of FELA and third party defendants may be liable under general tort law does not preclude an in solido obligation to the extent that each is liable for certain damages sustained by plaintiff. Article 2092 specifically provides that an "obligation may be in solido, although one of the debtors be obliged differently from the other to the payment of one and the same thing". It is the coextensiveness of the obligations for the same debt, and not the source of liability, that determines the solidarity of the obligation. Both ICG and third party defendants (according to the third party demand) are coextensively liable for certain damages sustained by plaintiff and may therefore be liable in solido.
The fact of different defenses, different prescriptive periods, different beneficiaries in some cases, and different elements of damages does not detract from the in solido nature of the obligation of the two debtors. These factors may be significant in determining the existence and extent of the liability of each debtor toward the plaintiff. However, once the extent of each debtor's liability has been determined, there is an in solido obligation as to their common liability to the injured party.[3] While one item of damages may be recoverable against one debtor and not the other, the parties are liable in solido as to every item for which plaintiff can compel payment from either.[4]
Therefore, as to the first question, we answer that there can be liability in solido between a third party tortfeasor sued under Louisiana's codal provisions and an employer-railroad sued under FELA.
As to the second question, we answer that contribution is only allowed between tortfeasors who are solidarily liable.
As to the fourth question, we answer that a railroad, which is held liable to its employee under the provisions of FELA, may assert a claim for contribution (and possibly indemnity) against the manufacturer or owner of equipment that was defective in a manner that caused or contributed to causing the plaintiff's injuries.
The third question, relating to indemnity, is much too broad to be susceptible of a "yes" or "no" answer.
Indemnity has been allowed between debtors in solido when actual fault is attributable *1196 to one of the parties and the other is only technically or constructively at fault for failure or omission to perform some legal duty. See Appalachian Corp. v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539 (La.1922), in which this court held that the new owner of a warehouse, while liable to a night watchman injured by a falling door, had a cause of action for indemnity against the previous owner, who was still in possession of the building.
However, in Hunt v. City Stores, Inc., 387 So.2d 585 (La.1980), this court held that the owner of a department store was not entitled to indemnity (as opposed to contribution) from the manufacturer of an escalator, on which the claimant was injured when his foot became stuck in an opening, because the owner did not show "some greater fault" on the part of the manufacturer. There was no discussion of actual versus constructive fault.
The present case is before the Court of Appeals on a motion to dismiss for failure to state a claim. The third party demand does state a claim on which ICG could obtain relief by way of contribution or possibly by way of indemnification, depending on the jury's fault weighing process.[5] The third question (which, for example, frames the inquiry in terms of acting and committing an act, as opposed to omitting and failing to act) is, as noted above, much too broad to be susceptible of a "yes" or "no" answer, particularly with the proceedings in the present posture, with the liability of one defendant having been tried and the liability of others yet to be tried. We therefore decline to attempt to answer the question in broad terms.
Pursuant to Rule 12, Section 8, Supreme Court of Louisiana (1973), the judgment rendered by this court upon the questions certified shall be sent by the clerk of this court under its seal to the United States Court of Appeals for the Fifth Circuit and to the parties.
CALOGERO, J., concurs.
MARCUS, J., dissents and assigns reasons.
BLANCHE, J., dissents for reasons assigned by MARCUS, J.
MARCUS, Justice (dissenting).
I do not consider that Narcise's employer (ICG) sued under FELA is liable in solido with the tortfeasor. Because the obligations are different, I do not consider that the debtors are obliged to the "same thing." La.Civ.Code art. 2091.
La.Civ.Code art. 2092 provides that "the obligation may be in solido, although one of the debtors be obliged differently from the other to the payment of one and the same thing; for instance, if the one be but conditionally bound, whilst the engagement of the other is pure and simple, or if the one is allowed a term which is not granted to the other." Being obliged "differently" under this article refers to the conditions under which the obligation is owed, not to the requirement that the debtors be obliged to the "same thing." Here, the obligations are different. The debtors are not obliged to the same thing. Moreover, article 2093 provides that "[a]n obligation in solido is not presumed; it must be expressly stipulated." Clearly, such is not the case here. The article further provides that "[t]his rule ceases to prevail only in cases where an obligation in solido takes place of right by virtue of some provisions of the law." Here, there is no provision of law which makes an employer sued under FELA liable in solido with the tortfeasor. Compare La. Civ.Code art. 2324 which makes joint tortfeasors "answerable in solido."
Accordingly, I respectfully dissent.
NOTES
[1] The Fifth Circuit certified four questions:

"1. Whether there can be liability in solido between a third party tortfeasor sued under Louisiana's codal provisions and an employer-railroad sued under FELA.
"2. Whether contribution is allowed between tortfeasors that are not solidarily liable.
"3. Whether a party, when acting in concert with another party, commits a wrongful act from which damages result to a third party, can seek indemnification from the other party to the wrongful act.
"4. May a railroad held liable to its employee under the provisions of FELA assert a claim for either contribution or indemnity against the manufacturer or owner of equipment that it contends was defective in a manner that caused or contributed to causing the plaintiff's injuries."
[2] The contrary statements in Wooten v. Wimberly, 272 So.2d 303 (La.1973) were expressly repudiated in Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La.1982).
[3] In cases in which there is a difference in the items of damages which may be recovered, the use of special interrogatories for the jury verdict may be helpful.
[4] This is similar to the in solido obligation between a tortfeasor and his liability insurer, when the damages caused by the tortfeasor exceed the insurer's policy limits. The obligation is in solido to the extent of the policy limits, which is the amount plaintiff can compel either to pay.
[5] The legislative adoption of a comparative fault system, which requires that the fault of all parties be quantified, possibly will do away to a large extent with the necessity of distinguishing between contribution and indemnity among solidary tort obligors.