539 So.2d 787 (1989)
Walter STELLY and Joyce Stelly, Plaintiffs-Appellants,
v.
PATTERSON SERVICES, INC., Defendant-Appellee.
No. 87-1243.
Court of Appeal of Louisiana, Third Circuit.
February 8, 1989.
R.C. Edwins, Baton Rouge, for plaintiffs-appellants.
Waltz & Downer, Huntington B. Downer, Jr., Houma, Glyn J. Godwin, New Orleans, for defendant-appellee.
Before FORET, LABORDE and YELVERTON, JJ.
LABORDE, Judge.
On December 18, 1984, plaintiff, Walter Stelly, was allegedly injured during the course and scope of his employment with Patterson Services, Inc. (Patterson). In November, 1985, Stelly filed suit in tort against Great Southern Oil & Gas Co., Inc. (Great Southern) seeking monetary damages to redress his injuries. Patterson was not named as a defendant in those proceedings. On December 19, 1986 (two years and one day after the accident), Stelly filed suit for Worker's Compensation benefits against Patterson. Stelly had not previously received any Worker's Compensation or medical benefits from Patterson. Patterson then filed a peremptory exception of prescription which was granted by the trial court. Stelly appeals that ruling. We affirm.

PRESCRIPTION OF WORKER'S COMPENSATION CLAIMS
LSA-R.S. 23:1209(A) provides:
"In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the *788 time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident." (footnote omitted.)
It is clear from the record that Stelly failed to meet the provisions of this statute as he did not file suit against Patterson until two years and one day after he was injured. The record contains nothing to indicate that Stelly ever requested Worker's Compensation payments from Patterson prior to his filing suit.
Stelly contends that his filing suit against Great Southern interrupted prescription on his claim against Patterson. Stelly relies on the case of Miller v. New Orleans Home & Rehabilitation Center, 449 So.2d 133 (La.App. 4th Cir.1984). In Miller the plaintiff timely sued three defendants (including her employer) in tort. She later (more than one year after the accident) amended her petition to assert a claim in Worker's Compensation against her employer. The 4th Circuit held that the amended claim for Worker's Compensation benefits related back to the initial filing of the tort suit and thus her Worker's Compensation claim had not prescribed.
We find Stelly's reliance on Miller to be unpersuasive. This court faced a situation identical to Miller in Chenier v. Vanguard Party Sales, Inc., 430 So.2d 367 (La.App.3d Cir.1983). However, in Chenier, we held that the plaintiff's Worker's Compensation claim had prescribed. Yet, even if we were willing to adopt the view of the 4th Circuit, the Miller case would not be controlling in the present matter. Stelly's tort claim against Great Southern was timely filed. However, unlike the plaintiffs in Miller and Chenier, he did not file a tort claim against Patterson. Nor is there any evidence in the record indicating that Patterson had notice of any claim by Stelly (in tort or Worker's Compensation) prior to his filing this suit, two years and one day after sustaining his injuries. Thus we find that neither Miller nor Chenier are applicable in the present matter.
Stelly next argues that Patterson and Great Southern are solidarily liable to him and thus his timely suit against Great Southern interrupted prescription of his Worker's Compensation claim against Patterson. See La.C.C. art. 1799. We do not agree. An employer liable under the provisions of the Louisiana Worker's Compensation provisions is not solidarily liable with a third party tortfeasor.[1] Thus Great Southern and Patterson are not solidarily liable and Stelly's filing of a tort suit against Great Southern did not interrupt prescription on the Worker's Compensation claim against Patterson.
Stelly also relies on Narcise v. Illinois Central Gulf Railroad Co., 427 So.2d 1192 (La.1983). Narcise involved a claim for damages by an injured railroad worker against his employer under the Federal Employers' Liability Act. The employer filed a third party claim seeking indemnity or contribution against the manufacturer of a defective railroad car that caused plaintiff's injuries. In answering the question certified to it by the U.S. 5th Circuit Court of Appeals, the Louisiana Supreme Court held that there can be solidary liability between a third party tortfeasor sued under Louisiana's codal provisions and an employer sued under the provisions of the FELA. Narcise, 427 So.2d at 1195.
*789 We find that the holding of Narcise does not apply to a State Worker's Compensation situation. The Louisiana Supreme Court in Narcise sought to harmonize the provisions of our state law with those of federal law. In contrast, the present situation involves tort laws and Worker's Compensation laws, all of which were created by the Louisiana legislature. Therefore, potential inconsistencies concerning the appropriate source of possible recoveries (i.e., employer or tortfeasor) do not exist.
In summary, we hold that when a plaintiff files a tort claim against a tortfeasor and then amends his petition to state a claim in Worker's Compensation against his employer who was not previously named as a defendant, the amended petition does not relate back to the initial filing and thus, prescription of the Worker's Compensation claim is not interrupted. We also hold that an employer in a Worker's Compensation situation is not solidarily liable with an independent third party tortfeasor. Therefore, suit against the tortfeasor does not interrupt prescription of the employee's Worker's Compensation claim.
For the foregoing reasons, we affirm the trial court's grant of Patterson's peremptory exception of prescription. Costs of this appeal are taxed to appellant.
AFFIRMED.
NOTES
[1] We note numerous cases from other circuits standing for this proposition. See Borne v. Ebasco Services, Inc., 482 So.2d 40 (La.App. 5th Cir.), writ denied, 486 So.2d 755 (La.1986); Maryland v. Fabco, Inc., 438 So.2d 1152 (La.App. 1st Cir.1983); Melancon v. Lorde, 435 So.2d 517 (La.App. 5th Cir.1983); Melancon v. Tassin Amphibious Equipment Corp., 427 So.2d 932 (La. App. 4th Cir.), writ denied, 433 So.2d 166 (La. 1983); Furtado v. Alton Ochsner Medical Foundation, 413 So.2d 528 (La.App. 4th Cir.), writ denied, 420 So.2d 171 (La.1982); Rogers v. Payne & Keller of Louisiana, Inc., 392 So.2d 109 (La.App. 1st Cir.1980), writ denied, 396 So.2d 1327 (La.1981); Gibson v. Exxon Corporation, 360 So.2d 230 (La. App 1st Cir.), writ denied, 362 So.2d 575 (La.1978); Cripe v. Haynes, 350 So.2d 956 (La.App.2d Cir.1977).