LOBRANO, Judge.
In this wrongful death action the surviving spouse and children of the decedent appeal the inadequacy of the trial court’s award asserting various arguments. Defendant, Little Crane & Shovel Company, Inc. answered the appeal rearguing their exception of prescription, the trial court’s finding of fault and the apportionment of fault. We find that the prescriptive plea is dispositive of this case.
On September 2, 1986, while in the employ of the Sewerage and Water Board, decedent, Joseph Williams, Sr. was electrocuted while assisting in pulling an automobile from a drainage canal. The three man team of Mr. Williams (laborer), Raymond Mallet (equipment operator) and Gus Kaufman (crane operator) utilized a crane manufactured by defendant in their operations. While maneuvering the crane, its boom came into contact with overhead power lines causing Williams’ death.
The decedent’s surviving widow and five major children instituted these proceedings seeking damages against defendant for the manufacture of a defective crane. • Defendants filed a prescriptive plea which was overruled by the trial court. The jury returned a verdict finding defendant at fault for manufacturing a defective crane, with no fault attributed to decedent.
*590 PRESCRIPTION:
The trial court overruled defendant’s exception of prescription based on the legal principle that prescription is interrupted as to a third-party tortfeasor when a timely suit is filed against the employer for worker’s compensation, citing Narcise v. Illinois Central Gulf Railroad Company, et al, 427 So.2d 1192 (La.1983) and Louviere v. Shell Oil Company, 440 So.2d 93 (La.1983).
Defendant argues the trial court erred because there is no liability in solido with decedent’s employer, thus prescription was not interrupted. Plaintiffs counter defendant’s assertion on two grounds. First they urge the correctness of the in solido finding by the trial court. Additionally, they argue that prescription did not begin to run until April of 1988 when the causal connection between decedent’s accident and defendant’s defect was discovered. For the following reasons, we maintain the exception of prescription.
SOLIDARY OBLIGATION
The accident occurred on September 2, 1986. On August 31, 1987 suit was filed against the Sewerage and Water Board and its executive officers for worker’s compensation and tort damages; against New Orleans Public Service, Inc. in tort, and against “ABC” Company for the manufacture of a defective crane. It was not until August 26, 1988 that plaintiffs amended their suit to name Little Giant as the crane manufacturer.[1] Prior to the filing of that amendment, the tort claims asserted against the employer and NOPSI were dismissed.
Delictual actions are subject to a prescriptive period of one year from the day the injury or damage is sustained. La. C.C. Art. 3492. Prescription is interrupted by the filing of suit in a court of competent jurisdiction. La.C.C. Art. 3462. Once it is shown from the face of the pleadings that the claim has prescribed, the burden is on the plaintiff to show that prescription has been interrupted or suspended. Strata v. Patin, 545 So.2d 1180 (La.App. 4th Cir.1989), writs denied, 550 So.2d 618 (La.1989). The interruption of prescription as to one solidary obligor is effective against all solidary obligors. La.C.C. Arts. 1799, 3503.
A solidary obligation is defined in Civil Code Article 1794 as follows:
“An obligation is solidary for the obli-gors when each obligor is liable for the whole performance. A performance rendered by one of the solidary obligors relieves the others of liability towards the obligee.”
In Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La.1982) our Supreme Court held that the obligation by an uninsured motorist insurer and the negligent tortfeasor was in solido because they were both obliged to repair the damage sustained by the innocent automobile accident victim irrespective of the source of their obligations. See also, La.C.C. Art. 1797; Frank’s Door and Building Supply, Inc. v. Double H. Construction Co., Inc., 459 So.2d 1273 (La.App. 1st Cir.1984). The essential element of solidarity is that each debtor is liable for the whole, and cannot plead division of the debt. Hoefly, citing 2 Planiol, Civil Law Treatise, pt. 1, no. 745 (11th ed. La.St.L.Inst. trans. 1959). Thus a solidary obligation contemplates that the obligee has the choice to demand the whole performance of any one of obligors. La. C.C. Art. 1795. Applying these principles of solidarity, we conclude that the employer’s responsibility for worker’s compensation and the tortfeasor’s responsibility for tort damages are not solidary obligations.
An employer owes his employee, injured on the job, compensation benefits irrespective of fault. Those benefits are determined in accordance with the type of injury and disability, as well as the employee’s wages at the time of injury. The worker’s compensation law sets forth numerous benefit schedules dependent on these variables. It is a statutory scheme to compensate the injured worker. Contrary to those scheduled statutory benefits, a tortfeasor *591 whose fault causes damage to another is obligated for the entirety of that damage. La.C.C. Art. 2315. The tortfeasor is not responsible to the injured employee for worker’s compensation and the employer is not responsible for his employee’s tort (Article 2315) damages. Worker’s compensation benefits are not an element of Article 2315 damages. The plaintiff (obligee) cannot demand the whole performance of either worker’s compensation or tort damages from either obligor. Thus, there are two different performances, each one owed by a different defendant with neither being responsible for the other.
This reasoning is consistent with the holding of our brethren on the Fifth Circuit in Crockett v. Avondale Shipyards, Inc., 538 So.2d 1133 (La.App. 5th Cir.1989), writ denied 541 So.2d 876 (La.1989) who maintained a prescription plea by the third party tort feasor despite a timely compensation suit against the employer. The court specifically held that the obligations were not solidary. See also, Wicker v. Coca-Cola Bottling Company, 418 So.2d 1378 (La.App. 5th Cir.1982), writ denied 423 So.2d 1148 (La.1982); Borne v. Ehasco Services, Inc., 482 So.2d 40 (La.App. 5th Cir.1986), writ denied 486 So.2d 755 (La.1986). When the opposite factual situation was presented, the Third Circuit held that a timely suit against the third party tortfeasor did not interrupt prescription on the employee’s suit for compensation against his employer. Stelly v. Patterson Services, Inc., 539 So.2d 787 (La.App. 3rd Cir.1989). The court specifically held that “[a]n employer liable under the provisions of the Louisiana Worker’s Compensation provisions is not solidarily liable with a third-party tort-feasor.” Id. at 788.
Finally, this court has held that Code of Civil Procedure Article 73[2] is inapplicable to a suit against the employer for compensation benefits since there is no solidary obligation between the employer and the other named tortfeasors. Thibodeaux v. Union Tank Car Company, 547 So.2d 763 (La.App. 4th Cir.1989).
Plaintiffs argue, however, that Narcisse v. Illinois Central Gulf Railroad Co., 427 So.2d 1192 (La.1983) supports their position that the obligations are coextensive and therefore in solido. In Narcisse the U.S. Fifth Circuit certified the question of whether there can be solidary liability between a third party tortfeasor sued under our Civil Code and an employer railroad sued under the Federal Employers’ Liability Act. In answering the question, our Supreme Court, applying the basic codal principles cited above, held that “the parties are liable in solido as to every item for which plaintiff can compel payment from either.” Id. at 1195. Despite plaintiff’s contrary argument, we find the Narcisse holding consistent with our reasoning. The employer cannot be called upon to pay the plaintiffs’ tort damages and the third party tortfeasor cannot be required to pay worker’s compensation benefits. They are not responsible for the “same performance” and therefore cannot be liable in solido.
We also find Louviere v. Shell Oil Co., supra, inapplicable to this case. In Louvi-ere, our Supreme Court in answered a certified question from the U.S. Fifth Circuit Court of Appeals, held that a timely suit by a compensation insurer against the third party tort feasor to recover compensation benefits paid interrupted prescription as to the employee’s tort action. That holding is distinguishable from the instant case simply because there the defendant-tortfeasor had timely notice that a claim was being made for its alleged tortious conduct. No such circumstances exist in the present ease.
Plaintiffs further argue that because worker’s compensation is a form of “strict liability” and defendant was found at fault under a “strict liability” theory, their obligations are co-extensive, and thus solidary. As we stated previously, it is not the underlying source of the obligation that makes it solidary, but the sameness of its performance. That is, obligors may be responsible for different reasons (i.e. contract, tort), but if they are obliged to the same per *592 formance (i.e. payment of the same debt) they are liable in solido. One obligor’s responsibility may even be conditional, La. C.C. Art. 1798, but that does not affect solidarity.
SUSPENSION OF PRESCRIPTION
Plaintiffs also argue that prescription was suspended or did not commence to run until April of 1988 when they learned of the “causal connection between the death of Joseph Williams, Sr. and the defect in defendant’s crane” from their counsel. In support they cite our well established jurisprudence that prescription is subject to the discovery rule embodied in the doctrine of “contra non valentem agere nulla currit prescriptio.” Griffin v. Kinberger, 507 So.2d 821 (La.1982).
The legal principle that prescription does not commence until a party has actual or constructive notice of his cause of action is the fourth category of contra non valen-tem set forth in Corsey v. State, Through Dept, of Corrections, 375 So.2d 1319 (La.1979). That rule provides that prescription will not run against one who is ignorant of the existence of facts that would entitle him to bring suit, as long as such ignorance is not willful and does not result from his own neglect. Griffin v. Kinberger, supra. In Jordan v. Employee Transfer Corp., 509 So.2d 420 (La.1987) our Supreme Court defined the notice necessary to commence the prescriptive toll.
“Prescription will not begin to run at the earliest possible indication that a plaintiff may have suffered some wrong. Prescription should not be used to force a person who believes he has been damaged in some way to rush to file suit against all parties who might have caused that damage. On the other hand, a plaintiff will be responsible to seek out those whom he believes may be responsible for a specific injury.
When prescription begins to run depends on the reasonableness of a plaintiff’s action or inaction,” at p. 423.
After review of the record and application of the above stated principles, we conclude that plaintiffs have failed to carry their burden of showing that the “discovery” exception suspended the prescriptive toll.
The accident and decedent’s death occurred on September 2, 1986. Plaintiff’s original petition was filed August 31, 1987. That petition alleges a claim against “ABC” Corporation, the alleged manufacturer of the crane used by the Sewerage & Water Board. Plaintiffs alleged numerous manufacturing defects, including failure to warn and failure to equip with a safety guard. A mere reading of those pleadings makes it difficult to accept plaintiffs’ argument that they were unaware of the “causal connection” between a defective crane and decedent’s death until they were advised by their attorney in April of 1988. It is apparent from the record that the only information plaintiffs did not have was the correct name of the crane’s manufacturers. There is absolutely no evidence to show that they were prevented from obtaining this information. To the contrary, plaintiffs knew decedent was electrocuted because the crane hit an overhead power line. The record shows they lived only a few blocks from the warehouse where the crane was stored. The face of their original petition clearly shows more than a “mere apprehension” by plaintiffs that something was wrong. See, Cordova v. Hartford Accident & Indemnity Co., 387 So.2d 574 (La.1980). They knew that a defective crane may have caused or contributed to decedent’s death. A plaintiff is responsible “to seek out those whom he believes may be responsible for a specific injury.” Jordan, supra.
Accordingly, for the reasons assigned, we maintain defendants prescriptive plea, and reverse the judgment of the trial court.
REVERSED AND RENDERED.

. The supplemental petition naming "Little Giant” as the crane manufacturer was actually filed May 6, 1988, but the order allowing the supplement to the petition was not signed until August 26, 1988. In either scenario the one year period had lapsed.

. C.C.Pro. Art. 73(A) provides that a suit against one solidary obligor in a court of proper venue results in proper venue as to all other solidary obligors.