[,CARAWAY, J.
In this case, the alleged tortfeasor/de-fendant challenges the continued applica *182 tion of the holding in Williams v. Sewerage & Water Board of New Orleans, 611 So.2d 1383 (La.1993). The defendant filed an exception of prescription insisting that a prior suit against the plaintiffs employer for workers’ compensation had not interrupted prescription. The trial court agreed and dismissed plaintiffs suit. Finding that the ruling in Williams governs this case, we reverse.

Facts

On July 23, 1996, plaintiff, Anthony Lucero, was injured when the bank of a drainage ditch collapsed causing the tractor he was driving to turn over and land on top of him. The accident occurred on property owned by defendant, Braswell Industries (“Braswell”). At the time of his accident, Anthony was cutting the grass on the Braswell property on behalf of T & M Fence Company (“T & M”). T & M contracted to clean up the Braswell property and employed Anthony to perform bush hogging work with his tractor.
Anthony filed with the Office of Workers’ Compensation (“OWC”) a workers’ compensation claim against T & M on July 22, 1997. On July 23, 1997, Anthony and his wife, Antoinette Lucero, filed this personal injury action in the district court. As originally alleged, the Luceros named Burney Gear Company and an unnamed party, labeled “ABC Company,” as the owners of the property and claimed negligence on the part of the landowners for improperly maintaining the drainage ditch.
Following Anthony’s death from causes unrelated to this accident, Antoinette amended the petition naming Braswell as the sole property owner on | ^September 1, 1998. On November 16, 1998, the action before the OWC was settled and dismissed.
Braswell filed an exception of prescription which was granted by the trial court on August 31, 1999. The court specifically noted in the judgment the applicability of La. C.C. art. 2324 as amended in 1996. In bringing this appeal, Antoinette complains that the trial court erred by failing to follow the ruling in Williams, supra, and to recognize that the suit against T & M for workers’ compensation interrupted prescription in this ease. Additionally both parties raise for our review the issue of whether the 1996 amendment to La. C.C. art. 2324, which ended the solidary relationship of eo-tortfeasors, changed the law regarding interruption of prescription between an employer and third party tort-feasors.

Discussion

Louisiana Civil Code article 1794 provides that “[a]n obligation is solidary for the obligors when each obligor is liable for the whole performance.” “The interruption of prescription against one solidary obligor is effective against all solidary obli-gors.” La. C.C. art. 1799.
Following significant rulings of the Louisiana Supreme Court, Foster v. Hampton, 381 So.2d 789 (La.1980), Hoefly v. Government Employees Insurance Co., 418 So.2d 575 (La.1982) and Narcise v. Illinois Central Gulf Railroad Co., 427 So.2d 1192 (La.1983), new Article 1797 was added to the Civil Code in the revision of 1984 recognizing that the obligations of the obligors may arise from different sources yet solidarity of the obligation to the obli-gee nevertheless can exist. “It is the co-extensiveness of the obligations for the same debt, and not the source of liability, that determines the solidarity of the obligation.” Narcise, supra at 1195.
lain the case of Williams v. Sewerage & Water Board of New Orleans, supra, Article 1797 and the rationale of the above cases were applied in a situation closely similar to the present involving claims against an employer and a third-party tortfeasor for a work-related accident. The source of the employer’s liability was the workers’ compensation act, La. R.S. 23:1021, et seq., while the other obligor was bound in tort. Nevertheless, despite the different sources of liability and the possibility of differences in the damages recoverable under workers’ compensation *183 and in tort, solidarity was held to exist, As stated in Narcise, “[w]hile one item of damages may be recoverable against one debtor and not the other, the parties are liable in solido as to every item for which plaintiff can compel payment from either.” Narcise, supra at 1195. Accordingly, the timely filing of suit against the workers’ compensation employer was held in Williams to have interrupted prescription against the tortfeasor who was later sued and added as a defendant outside the one-year prescriptive period.
In this case, Braswell makes no claim that T & M was not Anthony’s employer or that the accident did not occur as alleged in the petition while Anthony was acting on the job. Braswell also does not dispute that the workers’ compensation suit was timely filed within one year of the accident and acted as an interruption of prescription for the obligation owed by the employer. The similar filing of suit solely against the employer was recognized in Williams as interrupting prescription on the obligations of both the employer and the third-party tortfeasor. Yet, Braswell insists that Williams can be distinguished and should be limited to its facts and the procedure employed in that case.
Braswell emphasizes that both tort and workers’ compensation claims were initially pled in one suit in Williams against the employer. Although the employer was ultimately held immune from tort liability, the jury found that the accident | resulted from the combined fault of the employer and the third-party tortfeasor, which had been added to the suit after one year from the accident.
In this case, a workers’ compensation claim could no longer be pled in the district court as in Williams since the jurisdiction for such claim is now in the OWC. This case has not been tried, and no action of the employer may have caused the accident. Nevertheless, these differences are not material to the application of the Williams ruling to this case. The pleadings and evidence of the OWC filing show an obligation by T & M for Anthony’s damages under workers’ compensation and the delictual obligation of Bras-well for some of those same damages. These co-extensive obligations for the same damages sustained by Anthony served as the basis for solidarity pursuant to Williams. From the undisputed allegations of the employment relationship and the evidence of the suit filing at the OWC, plaintiff has presented evidence from which we conclude that solidary liability might exist; thus, prescription was interrupted.
Next, Braswell argues that the 1996 amendment to Civil Code article 2324 ended solidary liability in tort and that this change in the law undermines the holding of Williams. Article 2324 provides as follows:
A. He who conspired with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act.
B. If liability is not solidary pursuant to Paragraph A, then liability for damages caused by two or more persons shall be a joint and divisible obligation. A joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person’s insolvency, ability to pay, degree of fault, immunity by statute or otherwise, including but not limited to immunity as provided in R.S. 23:1032, or that the other person’s identity is not known or reasonably ascertainable.
C. Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors.
1 .^Braswell insists that the principle that gave rise to the holding in Williams was that joint tortfeasors are solidary obligors *184 and that Article 2324(B) now ends such solidarity.
Braswell’s view that the former principle for solidarity among joint tortfeasors was the linchpin for Williams is incorrect. As Braswell’s own argument further admits, an employer and a tortfeasor cannot be joint tortfeasors because of the employer’s immunity under the workers’ compensation act. Therefore, the change in the relationship of joint tortfeasors under revised Article 2324 has no application in this case to T & M and Braswell which were not joint tortfeasors.
Moreover, although not argued by Bras-well, we do not view the somewhat broad and unspecific language of the first sentence of Article 2324 as applicable to an employer and a tortfeasor. In the context of the entire article, within the chapter of the Civil Code dealing with offenses and quasi-offenses, the “liability for damages caused by two or more persons” refers to the liability among joint tortfeasors. The employer and tortfeasor’s liability relationship, recognized in Williams as solidary, was determined under the general principles governing the relationship of solidary obligors, La. C.C. art. 1794, et seq., and is not dependent upon whether any act of the employer may have “caused” the damages.

Conclusion

For the foregoing reasons, the trial court’s grant of the exception of prescription is hereby reversed, and the case is remanded. Costs of these proceedings are assessed to appellee, Braswell Industries.
REVERSED AND REMANDED.