# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### CA 06-974


**ROY E. EVANS, ET AL.**

**VERSUS**

**DERRICK D. SMITH, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 77965, DIV. B
HONORABLE DEE A. HAWTHORNE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux Chief Judge, John D. Saunders, and Billy Howard Ezell, Judges.


**REVERSED AND REMANDED.**




**Ronald E. Corkern, Jr.**
**Corkern & Crews, L.L.C.**
**P. O. Box 1036**
**Natchitoches, LA 71458-1036**
**(318) 352-2302**
**Counsel for Defendants/Appellees:**
**State Farm Mutual Auto Insurance Company**
**Derrick D. Smith**

**Craig Owen Marcotte**
**Hubley, Marcotte, Rhodes & Hussey**
**610 Marshall Street, Suite 700**
**Shreveport, LA 71101**
**(318) 221-3221**
**Counsel for Defendant/Appellee:**
**State Farm Mutual Auto Insurance Company(As UM Carrier)**

**James Allen Cooper, Jr.**
**The Law Office of Jack M. Bailey, Jr.**
**2790 Fairfield Avenue**
**Shreveport, LA 71104**
**(318) 222-5200**
**Counsel for Plaintiffs/Appellants:**
**Roy E. Evans**
**Rosie Evans**

**EZELL, JUDGE.**

Rosie and Roy Evans appeal a trial court judgment granting an exception of prescription filed by State Farm Mutual Automobile Insurance Company (State Farm). They argue that the filing of Mr. Evans' federal workers' compensation claim interrupted prescription on their state tort claim for damages sustained when Mr. Evans was involved in an accident.

## FACTS

On January 22, 2004, Mr. Evans was driving a United States Postal Service vehicle and delivering mail. In his petition, he claims that he was rear-ended by Derrick Smith, and this collision caused him injuries. Mr. Evans and his wife filed a petition for damages on April 8, 2005, against Mr. Smith and his insurer, State Farm. The Evanses also filed suit against State Farm in its capacity as their uninsured/underinsured motorist carrier.

State Farm, in its capacity as liability insurer of Mr. Smith, filed an exception of prescription alleging that the Evanses' suit was prescribed because it was filed more than one year after the accident. The Evanses opposed the exception alleging that Mr. Evans had filed a federal workers' compensation clam within one year of the accident. Mr. Evans also alleged that the claim was still pending, as he had appealed the decision.

After a hearing, the trial court ruled that the "claim in the Office of Workers' Compensation Programs was not an action filed in a court of competent jurisdiction and venue, consequently, since State Farm was not served within the prescriptive period, prescription was not interrupted." The Evanses appeal this decision.

1

# PRESCRIPTION

The Evanses argue that the filing of Mr. Evans' federal workers' compensation claim against the United States Postal Service did interrupt prescription against State Farm. They argue that the Federal Administrative Workers' Compensation Court is a court of competent jurisdiction.

Louisiana Civil Code Article 3462 provides that prescription is interrupted when an action is commenced in a court of competent jurisdiction and venue. Further, La.Civ.Code art. 1799 provides that interruption of prescription against one solidary obligor interrupts prescription against all solidary obligors.

When the peremptory exception of prescription is filed, the burden of proof is generally on the party pleading prescription. If, however, on the face of the pleadings it appears that prescription has run, the burden shifts to the plaintiff to prove an interruption or suspension of the prescriptive period. *Williams v. American Family Mut. Ins. Co.*, 520 So.2d 1082 (La.App. 3 Cir. 1987). When the plaintiff's basis for claiming an interruption of prescription is solidary liability between two or more parties, the plaintiff bears the burden of proving that a solidary relationship exists. *Younger v. Marshall Ind., Inc.*, 618 So.2d 866 (La.1993).

In *Williams v. Sewerage & Water Board of New Orleans*, 611 So.2d 1383 (La.1993), the supreme court held that the obligation of the employer and the tort liability of the third-party tort-feasor were solidary to the extent they shared coextensive liability to repair certain elements of the same damage. Thus, the court held that the suit for workers' compensation benefits interrupted prescription as to the tort suit against the third-party tort-feasor. The supreme court also acknowledged its earlier opinion, *Narcisse v. Illinois Central Gulf Railroad Co.*, 427 So.2d 1192 (La.1983), which held that there can be solidary liability between a third-party tort-

2

feasor and an employer sued under the Federal Employers' Liability Act.

We acknowledge that at the time *Williams* was decided state workers' compensation claims were filed with the district court as opposed to the Office of Workers' Compensation, where claims are now filed. In *Lucero v. Burney Gear Co.*, 33,585 (La.App. 2 Cir. 6/21/00), 764 So.2d 181, the second circuit held that this distinction made no difference and found that a claim filed with the Office of Workers' Compensation interrupted prescription against a third-party tort-feasor. The first circuit also held that the filing of a claim with the Office of Workers' Compensation had the same effect on prescription as the filing of a lawsuit. *Scott v. Sears, Roebuck and Co.*, 99-571 (La.App. 1 Cir. 12/22/00), 778 So.2d 50.

Louisiana Code of Civil Procedure Article 5251(4) provides that a court of competent jurisdiction "means a court which has jurisdiction over the subject matter of, and is the proper venue for, the action or proceeding." Applying this definition the second circuit held that a suit filed in federal court interrupted prescription on a state tort action. *Martin v. Franklin State Bank & Trust Co.*, 595 So.2d 371 (La.App. 2 Cir.), *writs denied*, 596 So.2d 213, 597 So.2d 1036 (La.1992).

In *Maquar v. Transit Management of Southeast Louisiana, Inc.*, 593 So.2d 365 (La.1992), the Louisiana Supreme Court held that the Office of Workers' Compensation was not a court, either competent or incompetent, because it did not have binding adjudicatory powers at the time the claim was filed, in 1989. The court held that a claim filed with the Office of Workers' Compensation did not interrupt prescription on a delictual action for retaliatory discharge penalties. The supreme court then recognized this court's decision in *Totty v. Dravo Corp.*, 413 So.2d 684 (La.App. 3 Cir. 1982), in which we likened the Illinois Industrial Commission to a court for the purposes of interruption of prescription. The supreme court observed

3

that the Illinois Industrial Commission had adjudicatory powers much like the Office of Workers' Compensation after the 1988 amendments and the 1990 constitutional amendment.

Pursuant to 5 U.S.C.A. § 8145, the Secretary of Labor has the authority to administer and decide all issues arising under the federal workers' compensation laws. *See Bruni v. The United States*, 964 F.2d 76 (1 Cir. 1992). Therefore, the United States Department of Labor, Office of Workers' Compensation had adjudicatory authority over Mr. Evans' federal workers' compensation claim.

The Evanses' petition alleges that Mr. Evans filed a claim for federal workers' compensation benefits within one year of the January 22, 2004 accident. The petition further states that an appeal from the decision of his federal workers' compensation case was perfected on March 17, 2005, and is still pending. At the hearing on the exception of prescription, the Evanses introduced a copy of the federal claim form filed by Mr. Evans, indicating a filing date of January 22, 2004. A decision denying his claim was received on March 24, 2004. Mr. Evans requested reconsideration on March 23, 2005. He did not receive a decision vacating the earlier decision until August 19, 2005, several months after he and his wife filed the state tort claim. Therefore, his claim was still pending when the tort suit was filed.

For the above reasons, we find that Mr. Evans' filing of his federal workers' compensation claim within a year of his accident interrupted prescription as to the filing of the state tort claim against Mr. Smith and his insurer, State Farm. The trial court erred in granting State Farm's exception of prescription. Therefore, we reverse the judgment rendered in favor of State Farm as the liability insurer of Derrick Smith and remand the case for further proceedings. Costs of this appeal area assessed to State Farm.

4

**REVERSED AND REMANDED.**