WEIMER, Justice,
concurring in the denial of rehearing.
_JjThe dissent to the denial of the rehearing overlooks the procedural posture of *776 this case, and would erase the effects of timely service compelled by the Civil Code.
The majority opinion undertook an analysis of LSA-C.C. art. 8462 because Article 3462 accurately accounts for the procedural posture of the case in which suit was brought seeking tort relief against a party that can only be liable in the workers’ compensation system and the suit was served within the prescriptive period. From the standpoint the district court could not render a judgment regarding workers’ compensation benefits, the district court was an incompetent court.
But in suggesting that LSA-C.C. art. 8462 has no application here, this latest dissent raises a point that only underscores the correctness of the majority opinion. Assuming, for the sake of argument, that the dissent is correct, that the district court is not a court that would be incompetent under LSA-C.C. art. 3462, the result would be exactly the same: prescription would be interrupted as to Pipe Services by timely joining suit against PAR Minerals. For the following reasons, the Louisiana Civil Code compels this result.
First, and undeniably, it must be noted that suit against PAR Minerals was brought within the prescriptive period. Then, assuming as the dissent does that LSAjC.C.2 art. 3462 has no application, the solidary relationship between PAR Minerals and the later-added defendant, Pipe Services, still cannot be ignored. The Civil Code provides that a timely suit against one solidary obligor interrupts prescription as to other solidary obligors. See LSA-C.C. art. 1799 or 3503. Thus, when suit is timely brought in a competent court, there is no requirement for suit to be served within the prescriptive period or joined against other solidary obligors within the prescriptive period.
This solidary relationship is the key to analyzing this case. As noted in the majority opinion, longstanding jurisprudence from this court holds that a party liable in worker’s compensation is solidarity liable with a party liable in tort:
“It is the coextensiveness of the obligations for the same debt, and not the source of liability, that determines the solidarity of the obligation.”
Thus, to the extent that the worker’s compensation death benefits and the wrongful death and survival provisions overlap, [the employer] and [alleged tortfeasor] are obligated to the same thing even though the obligations arise from different sources. [Citation omitted.]
Op. at 770, quoting Williams v. Sewerage & Water Bd. of New Orleans, 611 So.2d 1383, 1388 (La.1993), quoting Narcise v. Illinois Central Gulf Railroad Co., 427 So.2d 1192, 1195 (La.1983).
In their application for rehearing, Respondents urge that this court overrule Williams/Narcise. But Respondents do not address why the principle of jurisprudence constante should now be ignored for this court to overrule Williams/Narcise. “Once jurisprudence constante has been established, we should be ‘extremely reluctant to change our position.’ Borel v. Young, 07-419 (La.7/1/08), 989 So.2d 42, 65. The policy behind this rule is simple, as the public should be able to expect a certain amount of stability and predictability from the decisions of this Court. Id.” Hogg v. Chevron USA, Inc., 09-2632, 39-2635, p. 14 (La.7/6/10), 45 So.3d 991, 1014.
Even more important than this court adhering to jurisprudence constante, the rationale in Williams/Narcise has been codified by the legislature, and is therefore no longer for this court to change:
This reasoning now applies with greater force because the year after this *777 court, in Narcise, ruled that the source of liability was immaterial for establishing solidary liability, the legislature promoted that ruling to an article of the Civil Code: “An obligation may be soli-dary though it derives from a different source for each obligor.” LSA-C.C. art. 1797 (1984 La. Acts No. 381, § 1). See also LSA-C.C. art. 1797, cmt. (a) “This Article is new. It restates a principle developed by the Louisiana jurisprudence.”
Op. at 770.
A review of the rehearing application shows that Respondents do not mention LSA-C.C. art. 1797. Thus, Respondents have failed to show why a party liable in tort and a party liable in workers’ compensation for the same accident, is not a situation of coextensive, solidary liability contemplated by LSA-C.C. art. 1797.
Furthermore, Respondents do not mention LSA-C.C. art. 1794, which is relied on in the dissent to revisit Williams/Narcise. The dissent’s reliance on Article 1794 is similarly misplaced. As this court has recently ruled, Article 1794 formed the basis for solidary liability between a workers’ compensation carrier and an uninsured motorist carrier. See Cutsinger v. Redfern, 08-2607, pp. 7-9 (La.5/22/09), 12 So.3d 945, 950-51. Applying Article 1794, this court explained that both “the uninsured motorist carrier and the workers’ compensation insurer are obliged to the same thing, [and] may each be compelled [to pay] for the whole of their common liability....” Id., 08-2607 at 9-10, 12 So.3d at 952. Here, the same principle of solidary liability applies. Under Article 1794, a tortfeasor and employer are solidarity liable from the | ¿standpoint that both the tortfeasor and employer are liable for the medical expenses and for wage replacement.[1] The liability from that perspective is coextensive and, in the words of Article 1794, “each obligor is liable for the whole performance.” Succinctly stated, the tortfeasor is liable for the whole amount for which the employer is liable. Thus, the dissent is simply in error when suggesting the suit was against a “defendant [which] is not even liable.” Op. on reh’g, dissent at 774. The suit was undis-putedly brought against one liable in workers’ compensation as a statutory employer. The now codified principle that coextensive liability is solidary liability compels the conclusion that prescription was interrupted as to Pipe Services by timely joining suit against PAR Minerals. Whether that suit was in a competent or incompetent court, the result remains the same. In the end, neither the arguments raised by Respondents nor by the dissenting opinion justify a rehearing of this matter.

. Although the wage replacement owed by the employer may be limited, the result under Article 1794 is unchanged. As this court recently explained, “we determined that the uninsured motorist carrier and the employer and/or its workers’ compensation insurer share a common liability that is not subject to a plea of division.... Thus, each obligor is bound for the whole as to each element of damage that is coextensive." Cutsinger, 2008-2607 at 9, 12 So.3d at 951, citing Bellard v. American Central Ins. Co., 07-1335, p. 14 (La.4/18/08), 980 So.2d 654, 665-66.