**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 13, 2012

No. 10-30669

Lyle W. Cayce
Clerk

WESLEY KELLY, Individually and on behalf of the minor children,

Plaintiffs

v.

SCOTTSDALE INSURANCE COMPANY,

Defendant – Appellee

v.

L.F.I. FORT PIERCE, INCORPORATED,

Intervenor – Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:08-cv-00651-JJB-CN

Before HIGGINBOTHAM, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

L.F.I. Fort Pierce, Inc. appeals the district court's grant of summary judgment on its complaint in intervention against Scottsdale Insurance

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30669

Company and the Kellys. L.F.I. contends the district court erred by holding that L.F.I. may not seek reimbursement or contribution from Scottsdale. The district court held no such thing, however. Based on its conclusion that L.F.I. and Scottsdale are solidary obligors vis-a-vis Kelly, the district court granted summary judgment to Scottsdale only to the extent that L.F.I. sought reimbursement or subrogation from Scottsdale through Kelly. The district court explicitly declined to decide whether L.F.I. could seek contribution from Scottsdale on other grounds. Accordingly, we affirm.

I.

On February 18, 2008, plaintiff Wesley Kelly collided with another vehicle while driving a car leased by his employer, intervenor-appellant L.F.I., and acting within the scope of his employment. The accident was the fault of the other driver, an uninsured motorist, and resulted in serious injuries to Kelly. It is undisputed that Kelly's vehicle was covered by L.F.I.'s liability and uninsured motorist policy with defendant-appellee Scottsdale Insurance Company.

Following the accident, Kelly filed a worker's compensation claim with L.F.I. and sued Scottsdale for compensatory damages. Scottsdale removed the case to federal court on the basis of diversity jurisdiction. L.F.I. then intervened in the lawsuit by filing a complaint requesting "recovery and/or subrogation and/or right of reimbursement from any damages" sought by Kelly against Scottsdale "under prevailing workers compensation laws." At the time of the intervention, L.F.I. had paid Kelly approximately $30,000 in worker's compensation benefits. It asked the district court to enter judgment in its favor "against plaintiffs and defendants in such sums as shall be found to have been paid by L.F.I. to Kelly."

No. 10-30669

Scottsdale filed a motion to dismiss the complaint in intervention under Fed. R. Civ. P. 12(b)(6), which the district court converted into a motion for summary judgment. The court concluded that L.F.I. and Scottsdale were solidarily obligated to Kelly. Consequently, Kelly could not recover from Scottsdale on any amounts that he had already recovered from L.F.I., and "L.F.I.'s claim for reimbursement/subrogation through plaintiff fails on its face."[1] L.F.I. appeals this judgment.

## II.

"We review a district court's order granting summary judgment *de novo*."[2] Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."[3] In making this determination, all evidence and facts must be viewed in the light most favorable to the non-movant.[4] Because this is a diversity case, we apply Louisiana substantive law.[5]

## III.

L.F.I.'s complaint in intervention stated it was "seeking recovery and/or subrogation and/or right of reimbursement from any damages sought by the Plaintiff against the Defendants under prevailing workers compensation law." In other words, if Kelly received money from Scottsdale as payment for damages for which L.F.I. had already compensated him, then L.F.I. was entitled to that money as reimbursement. L.F.I.'s complaint in intervention could therefore only

---

[1] *Kelly v. Scottsdale Ins. Co.*, No. 08-651-JJB, 2010 WL 2572078, at *3 (M.D. La. Jun. 23, 2010).

[2] *LeMaire v. Louisiana Dept. of Transp. and Dev.*, 480 F.3d 383, 386 (5th Cir. 2007).

[3] FED. R. CIV. P. 56(a).

[4] *United Fire & Cas. Co. v. Hixson Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006).

[5] *Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 871 (5th Cir. 2009).

No. 10-30669

survive summary judgment if Kelly was entitled to receive compensation for the same losses and injuries from *both* Scottsdale, the uninsured motorist carrier, and L.F.I., the employer responsible for providing workers' compensation coverage.  Otherwise the complaint would fail on its face.

The district court correctly concluded Kelly would not be allowed to recover for the same losses and injuries from both Scottsdale and L.F.I. if these parties were solidary obligors vis-a-vis Kelly.  A solidary obligation is "analogous to common-law joint and several obligations," as it "binds each of two or more debtors for the entire performance at the option of the creditor."[6]  If one solidary obligor performs by making a payment to the creditor, then the other obligor is relieved of liability for that payment.[7]  Under this doctrine, Kelly would be prohibited from obtaining compensation from Scottsdale for any loss or injury for which L.F.I. had already compensated him.  L.F.I. thus could not obtain reimbursement for those payments from Scottsdale through Kelly, as it requested in its complaint in intervention.

Whether Scottsdale and L.F.I. are solidary obligors is squarely controlled by *Bellard v. American Central Insurance Company*.[8]  In *Bellard*, the state supreme court held that in Louisiana, "a solidary obligation exists when the obligors (1) are obliged to do the same thing, (2) so that each may be compelled for the whole, and (3) when payment by one exonerates the other from liability toward the creditor."[9]  It concluded that an uninsured motorist carrier and a

---

[6] BLACK'S LAW DICTIONARY 1181 (9th ed. 2009).

[7] *Bellard v. American Cent. Ins. Co.*, 980 So.2d 654, 663 (La. 2008) (citing LA. CIV. CODE art. 1794 ("An obligation is solidary for the obligors when each obligor is liable for the whole performance.  A performance rendered by one of the solidary obligors relieves the others of liability toward the obligee.")).

[8] 980 So.2d 654.

[9] *Id.* at 663–64 (citing *Hoefly v. Gov't Employees Ins. Co.*, 418 So.2d 575, 576 (La. 1982)).

No. 10-30669

workers' compensation provider are solidary obligors vis-a-vis the injured person to whom they owe compensation. The first element of the three-part test was met because the insurance carrier and the workers compensation provider "share coextensive obligations to reimburse the tort victim for lost wages and medical expenses incurred as a result of his or her injury at the hands of a tortfeasor."[10] They are therefore obliged to do the same thing. That these obligations to the injured party are derived from different statutory and contractual sources is irrelevant, the court explained, because the origin of the obligors' duties did not change the coextensive nature of those duties.[11]

The court also found that the uninsured motorist carrier and workers' compensation provider fulfilled the second and third elements required to be solidary obligors. Under Louisiana law, the injured party is entitled to demand payment "for the whole of [the obligors'] common liability" from either one of the obligors.[12] That the uninsured motorist carrier and the workers' compensation provider were liable to the injured person on different elements and/or in different amounts did not affect the court's conclusion. So long as the injured party could choose to ask for payment from *either* obligor on elements of damages for which they were both liable, they were solidary obligors vis-a-vis that injured party.[13] Finally, "[p]ayment by one solidary obligor exonerates the

---

[10] *Id.* at 664 (citing *Johnson v. Fireman's Fund Ins. Co.*, 425 So.2d 224, 226 (La. 1983) ("The central purpose of both the worker compensation act and the uninsured motorist statute is the protection of the injured person.")).

[11] *Id.* at 665; *see also id.* at 664–65 (discussing *Williams v. Sewerage & Water Bd. of New Orleans*, 611 So.2d 1383, 1388 (La. 1993); *Narcise v. Illinois Cent. Gulf RR Co.*, 427 So.2d 1192, 1195 (La. 1983); *Hoefly*, 418 So.2d at 579).

[12] *Id.* at 665.

[13] *Id.* at 665–66; *see also* LA. CIV. CODE arts. 1797, 1798.

No. 10-30669

other obligor as to the creditor," as the injured party would otherwise receive double recovery on a single item of damages.[14]

In addition to concluding that an uninsured motorist carrier and a workers' compensation provider are solidary obligors, the court held that the collateral source rule does not apply in cases where the plaintiff was injured in the course of employment at the hands of a third party tortfeasor. The collateral source rule prevents a tortfeasor from reducing his liability to plaintiff by the amount of any payments received by the plaintiff from an independent source. It was inapplicable in this situation, the court explained, because applying it would not further its deterrent purpose, as it would not punish the actual tortfeasor, and because it would give a double recovery windfall to the injured party.[15] Post-*Bellard*, then, where a workers' compensation provider has paid benefits to the injured party, those payments extinguish the uninsured motorist carrier's obligation to pay out the same benefits, and the carrier is entitled to reduce its liability to the plaintiff by the amount of those payments.[16] In the case before us, this would mean that L.F.I.'s payments of benefits to Kelly extinguished Scottsdale's obligation to pay Kelly for those same benefits.

Applying *Bellard*'s three-part test reveals that Scottsdale and L.F.I., an uninsured motorist carrier and workers' compensation provider, respectively, are solidary obligors vis-a-vis Kelly, the injured party. All parties agree L.F.I. is obligated to pay the reasonable and necessary medical expenses and indemnities sustained by Kelly as a result of the accident, and that Scottsdale is liable for all

---

[14] *Bellard*, 980 So.2d at 666.

[15] *Id.* at 669–70.

[16] *Id.* at 671; *see also Cutsinger v. Redfern*, 12 So.3d 945, 952 (La. 2009) (applying *Bellard* and concluding that "the uninsured motorist carrier is no longer liable to plaintiff for the lost wages and medical expenses paid by the workers' compensation insurer, and is entitled to reduce the payments owed under its uninsured motorist coverage by the amount of benefits paid by the workers' compensation insurer.")

No. 10-30669

of Kelly's accident-related damages. L.F.I. and Scottsdale therefore have the same obligations regarding Kelly's medical expenses and indemnities. Second, it is undisputed that Kelly was entitled to obtain payment on these items of damages from either Scottsdale or L.F.I. Once he received compensation from L.F.I., he could not longer seek compensation on the same items of damages from Scottsdale, as that would enable him to obtain double recovery. L.F.I.'s payments to Kelly for workers' compensation benefits therefore extinguished any obligation on Scottsdale's part to compensate Kelly for those same losses. As the district court correctly concluded, "L.F.I.'s claim for reimbursement/subrogation through plaintiff fails on its face."[17]

L.F.I. raises three arguments, all of which are unavailing. First, it emphasizes that L.F.I. is liable *only* for Kelly's reasonable and necessary medical expenses and some indemnity benefits, while Scottsdale is liable for all of the damages sustained by Kelly in the accident. As explained in *Bellard*, however, two parties may be solidary obligors so long as their obligations to the injured party overlap. Their obligations do not need to be identical in kind or amount.[18] Because both L.F.I. and Scottsdale must pay Kelly's reasonable and necessary medical expenses and his indemnity benefits, their obligations clearly overlap as required by *Bellard*.

Second, L.F.I. argues that *Bellard* is distinguishable from this case because the insurance policy in *Bellard* contained restrictive language that is not present in Scottsdale's policy. The policy language in *Bellard*, however, had nothing to do with the court's conclusions regarding the parties' solidary obligations. It therefore does not serve to differentiate *Bellard* from the present case on this issue.

---

[17] *Kelly*, 2010 WL 2572078, at *3.

[18] *See Bellard*, 980 So.2d at 666 (citing LA. CIV. CODE arts. 1797, 1798).

No. 10-30669

Finally, L.F.I. insists that article 1804 of the Louisiana Civil Code and § 23:1101 of the Louisiana Revised Statutes gives it the right to seek reimbursement from Scottsdale of a portion of the benefits it paid to Kelly. But whether L.F.I. has a right to obtain contribution from Scottsdale is a second, wholly separate issue from whether Kelly has a right to obtain a double recovery from Scottsdale and L.F.I. The latter pertains to the scope and amount of the insurers' solidary liability to Kelly. The former pertains to the manner in which that liability will be allocated among the insurers.

L.F.I. is correct that article 1804 generally allows solidary obligors to seek contribution from one another,[19] and that § 23:1101 permits workers' compensation insurers to seek contribution from a third party such as an uninsured-motorist carrier.[20] It failed, however, to adequately raise this separate issue in its complaint in intervention. As the district court noted, L.F.I.'s response to the motion for summary judgment made only "brief reference" to the rules of contribution set out in article 1804, while its complaint solely alleged a right to reimbursement or subrogation vis-a-vis the plaintiff.[21] Because L.F.I. failed to properly raise it, the district court correctly declined to reach this issue in its summary judgment, stating that "[t]he court makes no

---

[19] *See* LA. CIV. CODE art. 1804 ("Among solidary obligors, each is liable for his virile portion. . . .  A solidary obligor who has rendered the whole performance, though subrogated to the right of the obligee, may claim from the other obligors no more than the virile portion of each.").

[20] *See See Travelers Ins. Co. v. Joseph*, 656 So. 2d 1000, 1002–04 (La. 1995); *Cutsinger*, 12 So. 3d at 950–52, 954; *Bellard*, 980 So. 2d at 666 n. 3, 669–70; LA. REV. STAT. § 23.1101(B) ("Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit in district court against such third person to recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents."); *id.* § 23.1101(A) (defining a "third person" as any person other than an employer covered by the worker's compensation statute in whom the employee's injury creates "a legal liability to pay damages in respect thereto").

[21] *Kelly*, 2010 WL 2572078, at *1 n. 2.

No. 10-30669

determination as to any right L.F.I. may have...to seek contribution against Scottsdale for a virile share" for the payments it made to Kelly pursuant to its worker's compensation obligations.[22]

## IV.

As pleaded in the complaint in intervention, L.F.I.'s right to receive reimbursement from Scottsdale is derivative of Kelly's right to receive compensation from Scottsdale for the same losses and injuries for which he has already received compensation from L.F.I. Kelly has no such right. Accordingly, L.F.I.'s complaint fails, and the district court was correct to grant Scottsdale's motion for summary judgment. Whether L.F.I. has a separate, independent right to seek contribution to Scottsdale is an issue that did not appear on the face of the complaint, was not decided below, and is not affected by our decision today.

The judgment of the district court is affirmed.

---

[22] *Kelly*, 2010 Wl 2572078, at *3.