LEMMON, Judge.
Plaintiff has appealed from a judgment maintaining an exception of prescription and dismissing her tort suit as to defendants James Zacherie and his son Ronald
In the March 21, 1972 accident, plaintiff’s automobile was struck by a vehicle driven by Ronald Zacherie, then a minor.
Plaintiff filed her original petition on March 21, 1973. Named as defendants were (1) South Central Bell Telephone Company, (2) its employee, whose allegedly negligent driving was said to be a contributing cause of the accident, and (3) Carrie Zacherie, “individually and on behalf of her minor son, Ronald J. Zach-erie.” The petition, however, alleged acts of concurrent, negligence by “defendant driver, Ronald J. Zacherie” and recited “please serve” both Ronald Zacherie and Carrie Zacherie. Each was personally served with citation and petition.
More than one year after the accident plaintiff filed a supplemental and amending petition, joining James Zacherie and Ronald Zacherie (who had attained majority between the date the accident occurred and the date the original petition was filed) as parties defendants.
Carrie Zacherie was dismissed from the litigation on an exception of no cause of action. Plaintiff did not appeal from the judgment maintaining that exception.
*803 James Zacherie and Ronald Zacherie then filed an exception of prescription, which was maintained in separate judgments dismissing each defendant.
We reverse the judgment as to Ronald Zacherie. Although he was not specifically enumerated in the list of defendants, he was described as “defendant driver”, and citation and service were accomplished on him in accordance with instructions at the end of the petition. The petition may have been defective, but the citation was not. Therefore, the original filing of suit, while perhaps insufficient to support a judgment against Ronald Zacher-ie, was sufficient to interrupt prescription as to him. Any defect in the original petition was cured by the amended pleading. We therefore conclude plaintiff’s claim against Ronald Zacherie has not prescribed.[1]
The judgment, however, correctly maintained the exception as to James Zacherie. At the time of the accident he was vicariously liable for the torts of his minor child who resided with him. C.C. art. 2318. Although the child’s attaining majority did not affect the father’s vicarious liability for the earlier tort, a claim based on this liability had to be filed within one year.[2]
Furthermore, the original suit against the son did not interrupt prescription as to the father, since the father’s vicarious liability was not in solido with the liability of the minor. Wooten v. Wimberly, La., 272 So.2d 303 (1972).[3]
Accordingly, the judgment of the trial court is reversed in part, and it is now ordered that the exception of prescription filed by Ronald J. Zacherie be overruled. The remainder of the judgment is affirmed. Costs of this appeal are assessed against plaintiff-appellant.
Reversed and rendered in part, affirmed in part.

. We note Ronald Zacherie was alleged to be liable in solido with South Central Bell’s driver as joint tortfeasors. If this is ultimately proved at a trial on the merits, timely suit against the latter interrupted prescription as to Ronald Zacherie. C.C. art. 2097. Thus, even if the claim against Ronald Zacherie was otherwise prescribed, the plea of prescription could not have been determined until after trial on the merits.

. Suit against the father as administrator of the minor’s estate, which is really a procedural device for asserting the minor’s individual liability, must also be brought within one year.

. While Ronald Zacherie perhaps may be liable in solido with South Central Bell and its employee (depending on the decision on the merits), James Zacherie cannot be, and citation on South Central Bell did not affect the running of prescription against him.