# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


**04-376**


**RUSSELL BELLARD**

**VERSUS**

**SEALE GUEST HOUSE**

**********
APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION
DISTRICT 02, PARISH OF RAPIDES, NO. 97-08426
HONORABLE JAMES L. BRADDOCK, PRESIDING


*************
**SYLVIA R. COOKS**
**JUDGE**
*************

Court composed of Sylvia R. Cooks, Marc T. Amy and John B. Scofield,[*] Judges.

**AFFIRMED.**


Mack I. Frank
511 S. Union Street
P.O. Box 1478
Opelousas, LA   70570
(337) 948-9701
COUNSEL FOR PLAINTIFF-APPELLANT:
    Russell Bellard


Christian P. Fasullo
8680 Bluebonnet Blvd., Suite F
Baton Rouge, LA  70810
(225) 767-0083
COUNSEL FOR DEFENDANT-APPELLEE:
    Mark W. Seale

---

[*] John B. Scofield participated in this decision by appointment of the Louisiana Supreme Court as Judge *Pro Tempore.*

**COOKS, Judge.**

Russell Bellard alleged he suffered injuries while in the course and scope of his employment with the Seale Guest House. This appeal arises out of a judgment of the Office of Workers' Compensation which granted the defendant-employer's exception of prescription and found the claimant failed to prove he was an employee of the Seale Guest House.

### FACTS AND PROCEDURAL HISTORY

The alleged injury occurred on November 13, 1996, when a co-employee fell off a ladder on top of Bellard. A 1008 claim was filed on December 19, 1997. A minute entry dated May 28, 1998, provides that the claim was dismissed for "Failure to Prosecute." The record does not contain either the original disputed claim or a judgment of dismissal, but subsequent pleadings and representations made in the parties' briefs indicate that the claim was dismissed because Bellard did not attend a pre-trial conference. Bellard filed a "Motion for Reinstatement of Claim", contending he did not receive proper notice of the conference and further that the proper defendant was not yet a party to the suit at the time of the conference. The motion also requested that "the Estate of Olive Seale Gil" be added as a Defendant. An order reinstating Mr. Bellard's claim was signed that same date.

After the claim was reinstated, another disputed claim was filed on October 22, 1999, adding as a Defendant "Mark Seale d/b/a Seale Guest House." The petition related that an accident occurred on November 13, 1996, but also referenced a "Date of Injury/Illness" of December 19, 1996. On December 9, 1999, Bellard moved to amend his petition to add "Mark Seale and Jennifer Seale" as Defendants. Mark and Jennifer Seale each filed separate exceptions of prescription. The OWC granted the exceptions, finding the previous administrative dismissal of the claim did not

interrupt prescription. Bellard appealed the grant of the exceptions to this court, and we remanded the matter back to the OWC, finding the record was incomplete because it did not contain the original petition filed in December of 1997, and thus the court was not able to identify the original defendants. *See Bellard v. Seale Guest House*, 02-355 (La.App. 3 Cir. 10/30/02), 829 So.2d 1080.

Subsequent to the remand, exceptions of prescription were urged again by Jennifer and Mark Seale. A judgment was rendered on May 5, 2003, denying the exception of prescription regarding "Mark Seale d/b/a Seale Guest House," and granting the exception of prescription in favor of Jennifer Seale.

The matter proceeded to trial against "Mark Seale d/b/a Seale Guest House." At the onset of the trial, Mark Seale re-urged his exception of prescription. Bellard responded that the claim was "not subject to prescription and that this was a continuing developing injury that he initially hurt on [November 13, 1996], and the plaintiff returned to work and was re-injured on December [19, 1996]." The WCJ allowed the defendant to re-urge the exception of prescription, noting that it had for the first time that day been presented with a copy of the original petition filed in December of 1997.

After a trial on the merits, the WCJ dismissed Bellard's claim, finding the exception of prescription was valid and that Bellard failed to prove he was injured while in the course and scope of his employment with the Seale Guest House. The WCJ issued the following oral reasons for judgment:

> In this claim for Workers' Compensation benefits filed by Mr. Russell Bellard against Mr. Mark Seale and Seale Guest House, the burden of proof is on Mr. Russell Bellard to establish first, that he is an employee of Mark Seale or Seale Guest House. Then he has to establish that in the course and scope of his employment for Mark Seale and Seale Guest House, he sustained an accident which caused him an injury and that the injury produced a disability to do any type of work. Testifying to establish an employment relationship was Mr. Russell Bellard and

-2-

Mr. Mark Seale. For there to be an employment relationship between Mr. Mark Seale, Seale Guest House, and Mr. Russell Bellard, Mr. Mark Seale has to exercise some level and degree of control over Mr. Bellard. Mr. Bellard didn't testify as to any control that Mr. Mark Seale exercised over him. His testimony was that he was hired by Ms. Jennifer Seale. The 1008 of December 1997 and the amended 1008s allege the date and place of the accident to be the Seale Guest House. The evidence establishes that the accident occurred at some place called the German House, which was a private residence being constructed for Mrs. Olive Seale, apparently upon property owned by Mr. Mark Seale and perhaps Ms. Jennifer Seale. The testimony of Mr. Mark Seale, which is unrefuted in any other evidence, was that Ms. Jennifer Seale was an agent and employee of Mrs. Olive Gill in administering her home and her life affairs, and in that capacity, hired various individuals to assist Ms. Olive Gill in the construction of her home and the maintaining of the properties of her home. If Ms. Jennifer Seale through Mrs. Olive Gill instructed Mr. Bellard or Mr. Williams or Poochie or whoever else to go plant flowers anywhere around the property at Grandpa's House, the store and/or the Seale Guest House, there's no showing that there's an exercise of control by Mark Seale nor the Seale Guest House. That perhaps is a gratuitous gesture from Mrs. Olive Seale Gill with respect to her son in his operation of businesses, but that doesn't establish that any employment activity was taking place in the course and scope of Seale Guest House business.

Furthermore, the defendant has urged the Exception of Prescription again. We've discussed that before we went on the record. Mr. Bellard testified that there was some type of subsequent injury that occurred on December 19, 1996, and that he went to the physician shortly thereafter. At one point in time, he testified that he turned and bumped a table at the Seale Guest House and fell down. Later on, he testified that he was at the store, turned and bumped the table and fell down. There is nowhere in any medical record containing any information about bumping into a table and falling down. All the medical records reflect that on November 13, 1996, Mr. Bellard sustained this incident with the ladder, which was apparently, at the German House, a private residence.

The testimony between Mr. Bellard and Mrs. Bellard is conflicting with respect to how we get to Dr. Heinen. Mrs. Bellard testified that Ms. Jennifer Seale came to their home to ask Mr. Russell Bellard to go to New Orleans, and that Mr. Russell Bellard said he couldn't go because he was still hurting, and he needed some medications because he was out, and Ms. Jennifer Seale told him to go back to the doctor. And that's when she said he went back to Dr. Heinen. Mr. Russell Bellard says, "No, it's when I hit the table and I fell

that I was told to go back." I don't think any incident ever occurred with the table. Certainly, it would have been reflected in the doctor's records. Moreover, Dr. Deshotel released Mr. Bellard to his normal activities in February of 1997. So the claimant, Mr. Russell Bellard is dismissed with prejudice at his cost.

Bellard appealed the judgment, contending the WCJ erred in granting the exception of prescription and in finding he failed to prove he was injured in the course and scope of his employment with the Seale Guest House.

## ANALYSIS

Initially, we will address the WCJ's grant of the exception of prescription in favor of "Mark Seale d/b/a Seale Guest House." The applicable prescriptive period for Bellard's claim is set forth in La.R.S. 23:1209(A), which provides:

> In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or *unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter*. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.

(Emphasis added.)

The WCJ had previously denied the exception of prescription, but allowed it to be re-urged. Bellard argued below that the previous denial was *res judicata*. A judgment denying an exception of prescription is an interlocutory judgment. La.Code Civ.P. arts. 927 and 1841; *Bellard v. Biddle*, 02-241 (La.App. 3 Cir. 12/30/02), 834 So.2d 1238, *writ denied*, 03-0286 (La. 4/4/03), 840 So.2d 1217. It does not determine the

merits of the case and is therefore not a final judgment. La.Code Civ.P. art. 1841. In order for the doctrine of *res judicata* to apply there must be a final judgment. Accordingly, the trial court did not err in finding its earlier ruling denying the exception of prescription brought by "Mark Seale d/b/a Seale Guest House" was not *res judicata*.

As stated earlier, Bellard's claim, filed on December 19, 1997, related that an accident occurred on November 13, 1996 at Seale Guest House, but also listed a "Date of Injury/Illness" of December 19, 1996. The petition also stated the accident was reported on November 13, 1996 to Jennifer Seale and described the accident as follows:

> I was holding a 12 foot aluminum ladder for the carpenter. The ladder and presswood slipped and the carpenter fell on top of me. The aluminum ladder slid underneath me to hit my hip and head.

All testimony at trial established that the incident with the ladder occurred on November 13, 1996. There was no reference in the claim to any other accident that took place. After the exception of prescription was re-urged, Bellard testified to a second, subsequent accident that took place on December 19, 1996. He stated on that date he was sweeping when he bumped into a table and fell on his hip. There is no mention of this incident in the claim.

Our review of the medical records finds no reference to any accident where Bellard fell while sweeping. Bellard did visit Dr. Heinen on December 19, 1996, which Bellard testified was due to the alleged incident of December 19, 1996. However, Bellard's wife stated the day before her husband went to see Dr. Heinen, Jennifer Seale came to their apartment to ask Bellard to go with her to New Orleans to work. But Bellard informed Jennifer Seale his back hurt too much to go. He also informed her he needed additional medication for his pain. According to Bellard's

wife, Jennifer Seale instructed Bellard to go see Dr. Heinen for treatment.

After a thorough review of the record, we find the existence of a second accident suffered by Bellard was not set forth in the petition, nor was it listed in any of the medical reports. It was not until the exception of prescription was re-urged, that Bellard referred to a second accident that occurred on December 19, 1996, which was exactly one year prior to his claim being filed. The WCJ specifically found no credible evidence that a second accident occurred. There is no dispute that an accident did occur on November 13, 1996. However, the claim filed on December 19, 1997, was not filed within one year after that accident, and is prescribed under La.R.S. 23:1209(A). Having found the exception of prescription was properly maintained, Bellard's remaining assignment of error is rendered moot.

## DECREE

For the foregoing reasons, the judgment of the Office of Workers' Compensation granting the exception of prescription and dismissing the claimant's case is affirmed. All costs of this appeal are assigned to the claimant.

**AFFIRMED.**