# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-801

**BOBBY JOHNSON, ET AL.**

**VERSUS**

**JEROME ESCUDE, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20002479
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**MARC T. AMY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Marc T. Amy, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

Cooks, J., dissents and assigns written reasons.
Pickett, J., concurs in the result.

Jeffery F. Speer
J. Louis Gibbens, III
Jason E. Fontenot
Doucet-Speer & Gibbens
Post Office Box 4303
Lafayette, LA 70502-4303
(337) 232-0405
COUNSEL FOR DEFENDANTS/APPELLANTS:
    Jerome Escude
    Vickie Escude

Michelle M. Breaux
Assistant District Attorney
Post Office Box 3306
Lafayette, LA 70502-3306
(337) 262-8654
COUNSEL FOR APPELLEE:
    State of Louisiana

**Randal Lee Menard**
**2848 Verot School Road, Suite 101**
**Lafayette, LA   70508**
**(337) 857-8881**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Bobby Johnson**
    **Becky Johnson**

AMY, Judge.

The defendants appeal the denial of their re-urged exception of prescription and the judgment of the trial court ordering them to pay $29,880.00 in restitution to the plaintiffs. For the following reasons, we affirm.

## Factual and Procedural Background

The parties stipulated to the following facts. On March 14, 1997, Jeremiah Escude (Jeremiah), the minor son of Jerome and Vickie Escude (the defendants), burglarized and set fire to the mobile home of Bobby and Becky Johnson (the plaintiffs). Jeremiah subsequently pled guilty to burglary and arson, for which he was ordered to pay restitution to the plaintiffs in the amount of $49,300.00. Prior to his October 4, 1999 death, Jeremiah made monthly payments which totaled $19,420.00, although a portion of those payments were made by his parents. Payments ceased after his death. Consequently, the plaintiffs instituted this suit against the defendants, seeking to collect the balance due.

The defendants filed an exception of prescription, arguing that the suit against them was not timely filed. This exception was denied on February 9, 2001; the defendants did not appeal. At the trial held on November 13, 2006, the defendants re-urged their exception of prescription. The trial court commented:

> I was informed that I made a ruling with regards to prescription earlier. I don't know how far that issue went and I don't know if it was attacked in the same way in which it is asking me to attack it -- and "attack" is the wrong word. But to handle it. But certainly, I think that whether or not the plaintiffs have a right or cause of action against the parents of a juvenile involved in this case is -- nobody argues that. I think the action of the child renders the parents of that child responsible for their acts. The issue, though, becomes whether or not the payments, vis-a-vis the criminal restitution, stopped the prescription from running on the civil side of the obligation of those parents. And I know that [defense counsel] wants to make an argument that the obligation is personal rather than one that can attach to the parents, I think.

In any event, the issue that I have to decide, and you guys will have to brief, is whether or not the civil action has prescribed or not and whether or not there's a contra non valentem argument with regards to those payments. And one of the things we were talking while y'all were talking is whether or not, [plaintiff's counsel], if in fact the young man was still alive and had failed to make those payments, would you be able to enforce that and having not filed a civil action against him[?] And I think your argument again would be contra non valentem that he was paying those. But I don't know the answer to those. I haven't looked at it. It's a very complicated issue and one we're going to have to go to the law books and find out whether or not that civil action is still available.

The plaintiffs filed an exception of res judicata, arguing that "[i]n the instant case the parties, the cause and the demand are the same. The exception of prescription was denied by Judgment dated February 05, 2001. That decision was not appealed. That Decision is final. That Decision is Res Judicata."

The trial court found that the issue of prescription was res judicata. As such, it ordered the defendants to pay restitution to the plaintiffs in the amount of $29,880.00. It is from this ruling that the defendants appeal, asserting the following assignments of error:

1. The trial court erred in denying defendants' peremptory exception of prescription and granting plaintiffs' peremptory exception of res judicata, thereby creating a reversible error of law.

2. The trial court erred in assessing Jerome Escude and Vickie Escude with liability to pay the debts of Jerome Escude following the restitution order of October 22, 1997.

*Prescription & Restitution*

The defendants challenge the denial of their exception of prescription. Citing *Bellard v. Seale Guest House*, 04-376, p. 4 (La.App. 3 Cir. 10/6/04), 884 So.2d 1252, 1256, the defendants assert that they should have been allowed to re-urge their exception insofar as a "judgment denying an exception of prescription is an

2

interlocutory judgment." They, therefore, argue that because this was not a final judgment, the issue of prescription is not res judicata.

Louisiana Revised Statutes 13:4231 provides in pertinent part:

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

. . . .

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

In its reasons for judgment, the trial court explained:

This Court has previously denied Defendants' Peremptory Exception of Prescription on February 5, 2001, and hereby finds that the issue of prescription is res judicata. For res judicata to apply there must be, (1) an identity of the parties, (2) an identity of "cause," and (3) an identity of the thing demanded. *Thurston v. Thurston*, 31,895, 740 So.2d 268 (La.App. 2 Cir. 8/20/1999). All three requirements are met in this case. The decision rendered by this Court with regards to prescription is a valid and final judgment and is conclusive between the parties herein.

After reviewing the record, we find that the trial court erred in not allowing the defendants to re-urge their exception of prescription. In *Bellard,* 884 So.2d 1252, the workers' compensation judge allowed the defendant to re-urge a previously denied exception of prescription. The plaintiff appealed, arguing that the denial was res judicata. This court held:

A judgment denying an exception of prescription is an interlocutory judgment. La.Code Civ.P. arts. 927 and 1841; *Bellard v. Biddle*, 02-241 (La.App. 3 Cir. 12/30/02), 834 So.2d 1238, *writ denied*, 03-0286 (La. 4/4/03), 840 So.2d 1217. It does not determine the merits

3

of the case and is therefore not a final judgment. La.Code Civ.P. art. 1841. In order for the doctrine of res judicata to apply there must be a final judgment. Accordingly, the trial court did not err in finding its earlier ruling denying the exception of prescription . . . was not res judicata.

Pursuant to *Bellard*, the trial court's denial of the defendants' exception of prescription was an interlocutory judgment insofar as it did not determine the merits of the case. As there was no final judgment, the trial court erred in finding that the previous denial of the exception of prescription was res judicata.[1] However, because the peremptory exception of prescription is contained in the record and may be pled at any time, including on appeal,[2] we will consider whether the suit against the defendants was timely filed and whether they were proper party defendants. *See, e.g., Kilbourne v. Hosea*, 19 So.2d 279 (La.App. 1 Cir.1944) (wherein the first circuit held that because all of the evidence relating to the plea of acquisitive prescription was contained in the record, it would consider the plea of prescription and render judgment on appeal).

The record indicates that Jeremiah pled guilty to burglary and arson. Pursuant to La.Code Crim.P. art. 895.1, Jeremiah was given a suspended sentence conditioned on payment of restitution to the plaintiffs in the amount of $49,300.00. Louisiana Code of Criminal Procedure Article 895.1 provides in pertinent part:

---

[1] In their brief, the plaintiffs contend that "[i]n the event that this [h]onorable [c]ourt finds that the trial [c]ourt erred in holding that its previous denial of Defendants [p]rescription [a]rgument was [r]es [j]udicata, then Plaintiff argues the doctrine of the 'law of the case.'" However, we note that the trial court did not consider the law of the case doctrine. Furthermore, in *Babineaux v. Pernie-Bailey Drilling, Co.*, 262 So.2d 328, 332-33 (La.1972), the supreme court held that, "[t]he law of the case cannot supplant the Code of Civil Procedure provision which clearly permits a reconsideration of the overruling of peremptory exceptions."

[2] Louisiana Code of Civil Procedure Article 928 provides in pertinent part: "The peremptory exception may be pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision and may be filed with the declinatory exception or with the dilatory exception, or both."

4

A. (1) When a court places the defendant on probation, it shall, as a condition of probation, order the payment of restitution in cases where the victim or his family has suffered any direct loss of actual cash, any monetary loss pursuant to damage to or loss of property, or medical expense. The court shall order restitution in a reasonable sum not to exceed the actual pecuniary loss to the victim in an amount certain. . . . The restitution payment shall be made, in discretion of the court, either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant.

(2)(a) The order to pay restitution . . . as provided in this Article, is deemed a civil money judgment in favor of the person to whom restitution . . . is owed, if the defendant is informed of his right to have a judicial determination of the amount and is provided with a hearing, waived a hearing, or stipulated to the amount of the restitution . . . ordered. In addition to proceedings had by the court which orders the restitution . . . the judgment may be enforced in the same manner as a money judgment in a civil case. Likewise, the judgment may be filed as a lien as provided by law for judgment creditors.

Prior to his death on October 4, 1999, Jeremiah, with the help of his parents, paid the plaintiffs $19,420.00. Because no payments were made after that time, the plaintiffs filed suit against Jeremiah's parents, seeking the remaining amounts due. Citing La.Civ.Code art. 3492,[3] the defendants argued that this suit was untimely because it was instituted more than one year after the plaintiffs suffered damages to their mobile home.

We find no merit in the defendants' argument. Louisiana Code of Criminal Procedure Article 895.1 clearly states that the order to pay restitution is treated as a civil money judgment. Pursuant to La.Civ.Code art. 3501, a "money judgment rendered by a trial court of this state is prescribed by the lapse of ten years from its signing if no appeal has been taken, or, if an appeal has been taken, it is prescribed by the lapse of ten years from the time the judgment becomes final." According to

---

[3] Louisiana Civil Code Article 3492 provides in pertinent part: "Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained."

5

the briefs submitted to this court, restitution was ordered on October 22, 1997. There is no indication that this judgment was appealed. Thus, any action by the plaintiffs to enforce the money judgment had to have been filed within ten years from the signing of the judgment. The instant litigation was filed on May 5, 2000, well within the prescriptive period.

Our attention now turns to whether the trial court erred in ordering the defendants to pay the plaintiffs the remaining amount of restitution owed. In making this determination, the trial court explained:

> Defendants argue that the obligation to pay restitution was a strictly personal obligation enforceable solely against Jeremiah, and that the obligation ceased upon Jeremiah's death. Due to the language cited in [La.Code Crim.P. art. 895.1], this Court disagrees with this argument.
>
> According to [La.Code Crim.P.] art. 895.1 A (2) (a), Jeremiah's obligation to pay restitution is deemed to be a civil money judgment enforceable in the same manner as a money judgment in a civil case. Thus, because Jeremiah was a minor at the time he was ordered to pay restitution, his parents are liable for the remainder of the payments in accord[ance] with Civil Code art. 2318, just as if a civil judgment had been awarded against their minor son.

It is undisputed that at the time of the offenses and at the time he was ordered to pay restitution, Jeremiah was a minor. Louisiana Civil Code Article 2318 provides:

> The father and the mother and, after the decease of either, the surviving parent, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons.

In *Lafayette Parish School Board v. Cormier ex rel. Cormier*, 05-05, p. 7 (La.App. 3 Cir. 4/5/05), 901 So.2d 1197, 1202, *writ denied*, 05-1482 (La. 12/16/05), 917 So.2d 1112 (quoting *Turner v. Bucher*, 208 So.2d 270, 277 (La.1975)), this court stated:

6

We conclude that although a child of tender years may be incapable of committing a legal delict because of his lack of capacity to discern the consequences of his act, nevertheless, if the act of a child would be delictual except for this disability, the parent with whom he resides is legally at fault and, therefore, liable for the damage occasioned by the child's act. This legal fault is determined without regard to whether the parent could or could not have prevented the act of the child, i.e., without regard to the parent's negligence. It is legally imposed strict liability. This liability may be escaped when a parent shows the harm was caused by the fault of the victim, by the fault of a third person, or by a fortuitous event.

Here, the defendants are liable for the damage occasioned by the intentional act of their minor child, Jeremiah. La.Civ.Code art. 2318. The record indicates that Jeremiah reached the age of majority after he began making restitution payments. However, the defendants' liability is not affected. *See Lovett v. South Cent. Bell Tel. Co.*, 308 So.2d 801 (La.App. 4 Cir. 1975). Therefore, given the circumstances, we find that the trial court did not err in ordering that the defendants pay $29,880.00 in restitution to the plaintiffs.

Accordingly, this assignment is without merit.

### DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are assessed against the defendants, Jerome and Vickie Escude.

**AFFIRMED.**

7

BOBBY JOHNSON, ET AL.

VERSUS

JEROME ESCUDE, ET AL.

**COOKS, J., dissents.**

I agree with the majority that res judicata does not prevent the defendants from re-urging the exception of prescription in this case. However, the majority's decision to enforce the delinquency order, providing for restitution to the victims, against the parents of Jerome Escude, a minor at the time of the offense, is "flat out" wrong. Here, the victim allegedly sustained property loss totaling $49,300 which the minor was ordered to pay in restitution as a condition of probation at the time of sentencing in 1997. The majority relies on Louisiana Criminal Code Article 895.1 and notes this provision requires as a condition of probation that the court enter an order directing payment of restitution in cases where the victim suffered any loss of property. The majority makes a critical legal error at this stage of the review. This case involves a MINOR not an ADULT. The Louisiana Criminal Code is only applicable in juvenile proceedings when the Louisiana Children's Code is silent on the matter in question. The Louisiana Children Code specifically speaks on the very issue which serves as the basis for plaintiffs' claim, i.e. restitution by juveniles. Louisiana Children's Code article 897(B) (2) (c) does provide that the child may be ordered to pay restitution. However, unlike La.Code Crim. P. art. 895.1, the Children's Code does not provide that the order for restitution shall be deemed a civil judgment and may be enforced in the same manner as a money judgment in a civil case. *See* La.Code Crim.P. art. 895.1 (A)(2)(a). Further, it does not provide that the order is automatically

enforceable against the parents. In fact, the only mention of the parents is found in La.Ch. C. art. 897 (B) (2)(g) which provides the parents may be directed by the court to pay the "supervision fee" up to $100 per month and even this obligation is dependent on their ability to pay. *See also* La.Ch. C. art. 901.1(B).

This is not the first time this court has been called to consider whether a delinquency order directing a juvenile to pay restitution may be imposed against the parents. In *State in the Interest of J. F.,* 03-321 (La. App. 3 Cir. 8/6/03), 851 So.2d 1282, 1288, we reversed an order finding "the trial court erred in ordering J.F.'s parents to pay restitution to the bank." In *State in the Interest of D.M.G.*, 579 So.2d 525, 528 (La. App. 4 Cir., 1991), our colleagues on the Fourth Circuit declined to enforce an order directing the mother of a juvenile to pay restitution finding that she "was not a formal party to [the] proceedings and she [could] not be held financially responsible." In *State in the Interest of R. L. K.* 95-1277 (La. App. 1 Cir.12/19/95), 666 So.2d 427, 432-33, the First Circuit Court of Appeal held if restitution is ordered as a special condition of probation pursuant to the juvenile code only the minor may be ordered to pay the amount and only, "after first considering whether or not the victim otherwise has been compensated for the loss and considering the child's ability to pay any amount ordered." Our jurisprudence clearly holds that a delinquency judgment ordering a minor to pay restitution cannot be enforced as a civil money judgment against the parents.

The plaintiffs in this case did not file an ordinary civil suit against the parents as provided by Civil Code Articles 237 and 2318 within the prescriptive period provided and thus their cause of action has expired.