STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

20-314

TONI MARIE JONES

VERSUS

PROGRESSIVE BAPTIST CHURCH OF LOUISIANA
AND CHURCH MUTUAL INSURANCE COMPANY

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 4
PARISH OF LAFAYETTE, NO. 18-01614
ANTHONY PALERMO, WORKERS' COMPENSATION JUDGE

**********

JONATHAN W. PERRY
JUDGE

**********

Court composed of Shannon J. Gremillion, Van H. Kyzar, and Jonathan W. Perry,
Judges.

AFFIRMED.

**Roshell Jones**
**495 Zick Miller Road**
**Sunset, Louisiana 70584**
**(337) 2558-8527**
**COUNSEL FOR CLAIMANT/APPELLANT:**
     **Toni Marie Jones**


**Daniel Webb**
**145 Robert E. Lee Boulevard**
**New Orleans, Louisiana 70119**
**(504) 288-2000**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **Progressive Baptist Church of Louisiana**
     **and Church Mutual Insurance Company**

**PERRY, Judge.**

Toni Marie Jones ("Jones") appeals the workers' compensation judgment sustaining the employer's peremptory exception of prescription as to her claim for indemnity benefits and denying her claim for medical benefits for failure to prove the work accident injured her lower back, hip, and leg. For the reasons that follow, we affirm the judgment of the Office of Workers' Compensation.

## FACTS AND PROCEDURAL HISTORY

On March 12, 2016, Jones slipped and fell in water, and reportedly injured her right knee while working at Progressive Baptist Church of Louisiana ("PBC"). She received treatment for right knee pain at an emergency room on the day of her accident. On March 22, 2016, Jones began seeing Dr. Otis R. Drew, an orthopedic surgeon, who treated her with medication and physical therapy.

Church Mutual Insurance Company ("Church Mutual"), PBC's workers' compensation carrier, approved medical treatment for Jones's right knee injury. In May 2016, however, Jones reportedly began experiencing pain in her left hip. Church Mutual refused payment for treatment of Jones's lumbar spine, denying the condition was related to her work accident.

Jones was referred to Dr. Kevin J. Lassaigne, Jr., a spine interventionalist, for treatment of her lower back, hip, and leg pains by her personal physician, Dr. Deidre Stelly. After two epidural steroid injections offered no relief, Jones was referred by Dr. Lassaigne to spine surgeon, Dr. Lon M. Baronne, II. In March 2018, Jones underwent a discectomy at the L5-S1 level.

Jones filed a Disputed Claim for Workers' Compensation ("1008") against PBC and Church Mutual (hereinafter collectively referred to as "Defendants") for nonpayment of medical benefits relating to alleged injuries to her lumbar spine on

March 9, 2018.[1]    In answer, Defendants admitted Jones was involved in a compensable work accident on March 12, 2016; however, they disputed the existence of a causal connection between the medical treatment requested in Jones's 1008 and her work accident.[2]

On September 20, 2018, Jones filed an amended 1008 seeking indemnity compensation benefits.  In response, Defendants filed a peremptory exception of prescription, contending the prescriptive period for payment of indemnity benefits is one year under La.R.S. 23:1209.  Defendants denied ever paying Jones indemnity benefits, alleged Jones's claim was filed more than two years after her work accident and, thus, was time barred under the one-year prescriptive period.  In opposition to Defendants' peremptory exception, Jones alleged she was paid wages in lieu of compensation[3] after her work accident.

A hearing on Defendants' exception of prescription was held on July 19, 2019.  Jones, appearing in proper person, argued her indemnity claim had not prescribed because she was paid for time she did not work.  She claimed her supervisor, Gwen Washington, could corroborate her allegation; however, all three witnesses whom she had subpoenaed, including Gwen Washington, failed to appear for the hearing.  The workers' compensation judge (WCJ) acknowledged Gwen Washington had contacted the court prior to the hearing to state she would not be able to attend due

---

[1] Jones was represented by counsel at this time; however, she has represented herself since January 2019, after her counsel withdrew his representation.  Jones proceeded in proper person until a motion to enroll by her appellate counsel was filed with this court one day before Jones's appellate brief was filed.

[2] Defendants also asserted several affirmative defenses.

[3] Under La.R.S. 23:1209, payment of unearned wages by an employer is considered compensation, and such payment serves to interrupt prescription.  *Dupaquier v. City of New Orleans*, 257 So.2d 385 (La.1972).

to a scheduling conflict.[4]  Consequently, at the end of the hearing, the WCJ declared

it would "deny the exception with regards to indemnity benefits at this time.  It can

be re-raised at the time of trial.  But I want to hear from Ms. Washington concerning

whether the hours were worked or not."  After Defendants requested reasons for its

ruling, the WJC issued oral reasons on July 24, 2019, explaining, in pertinent part:

> The Court rather than holding Gwen Washington, Harold Taylor[,] and
> Claudia Williams in contempt, determined that the better course would
> be simply to presume that their testimony would have been adverse to
> the Church's position because these three people are either employed
> by the Church or sit on the Board.
>
> Because [t]he Court determined that their testimony would be
> adverse and Ms. Jones was alleging that she was paid wages in lieu of
> comp, [t]he Court denied the exception of prescription based on the
> presumption that Ms. Jones's allegation with regards to the wages in
> lieu of comp was correct.

A judgment denying Defendants' peremptory exception of prescription was signed

on August 1, 2019.

Trial was held on August 19, 2019, on the issues raised in Jones's disputed

claims for compensation.[5]  Additionally, Defendants re-urged the peremptory

exception of prescription.

At trial, Jones testified that after she fell, her right knee "was the prominent

injury at that time[,]" until "about six weeks later [she] started having severe hip

pain."  She reported her hip pain to Dr. Drew and Church Mutual and lessened

---

[4] The WCJ noted the hearing on Defendants' exception was originally set for July 12, 2019 but was cancelled due to Hurricane Barry.

[5] At the start of trial, Jones introduced thirteen exhibits and Defendants introduced two exhibits—one being the deposition of Dr. Alan C. Schroeder.  A transcript of Dr. Schroeder's deposition, however, does not appear in the appellate record received by this court.  Defendants' appellate brief noted this oversight and included a copy of the deposition.

Louisiana Code of Civil Procedure Article 2132 permits the correction of evidence by the appellate court.  However, in order for La.Code Civ.P. art. 2132 to apply, we must ascertain that the evidence was actually introduced at the trial level.  *See Sutton v. Montegut*, 540 So.2d 1181 (La.App. 5 Cir. 1989).

In the present case, the transcript confirms Dr. Schroder's deposition was properly introduced into evidence at the trial court level.  Thus, Dr. Schroder's testimony has been considered in our review of this appeal.

3

physical therapy. Dr. Drew administered a steroid injection into her hip, but this failed to relieve the pain. According to Jones, Dr. Drew suspected her work accident caused her lower back, hip, and leg pains, but Defendants denied authorization for magnetic resonance imaging of her lumbar spine. Defendants questioned Jones about her indemnity claim. Despite admitting she had not filed a claim for indemnity benefits until more than two years after her work accident, she insisted "That's already been settled at the last hearing."

Jones called one witness, Genevieve Hebert, an administrative clerk at PBC, who did not witness Jones's fall, but did remember Jones being at work the week after the accident until Jones's surgery in March 2018. Genevieve Hebert also recalled that while at work, Jones often used a heating pad for pain and a walker to ambulate, and she noticed Jones "avoided getting up and down because [she] had a very difficult time moving around."

At the close of Jones's case, Defendants moved for an involuntary dismissal. Defendants argued Jones failed to present sufficient proof to support her claim for indemnity benefits or competent medical evidence to prove the work accident injured her lower back, hip, and leg. Defendants contended the only competent medical evidence was the deposition testimony of Dr. Alan C. Schroeder, an orthopedic surgeon, who opined Jones's work accident did not injure her lumbar spine.

The WCJ denied Defendants' motion for involuntary dismissal, citing the need to review the exhibits entered into evidence. Before the matter was taken under advisement, though, the WCJ remarked:

> The way I see it is we've got medical benefits and indemnity benefits. There's been an exception of prescription made toward the indemnity benefits. I ruled on that at the hearing because of some witnesses not appearing. So that's still on the table. And then the medical treatment, which I've got to review the medicals that has been submitted before I

4

can determine anything about the medical treatment. Then that will include Dr. Schroder's deposition.

On September 9, 2019, the WCJ issued an oral ruling, decreeing "there has been no showing that the indemnity benefits have not prescribed." In regard to Jones's medical benefits' claim, the WCJ declared, in pertinent part:

> After a review of the testimony and the medical records that were provided, the Court finds that there is no link between the low back, hip and leg injuries and the accident that occurred in this case. The Court therefore finds that the left hip is not compensable, and therefore denies medical benefits.

By judgment signed September 18, 2019, the WCJ denied Jones's claims for indemnity and medical benefits. Jones filed a motion for new trial, which was also denied. This devolutive appeal followed. Appearing before this court with counsel, Jones asserts the WCJ erred in (1) reversing the prior denial of Defendants' exception of prescription relating to her claim for indemnity benefits and (2) denying her claim for medical benefits for failure to prove the work accident caused a lumbar spine injury.

## DISCUSSION

*Indemnity Benefits*

Jones asserts the WCJ improperly reconsidered its original decision on the issue of prescription, and the WCJ should have found her claim for indemnity benefits had not prescribed. In brief, Jones argues the WCJ erred in sustaining Defendants' exception "a month after issuing an Interlocutory Judgment denying that same Exception of prescription." She further submits Defendants could have sought review of the WCJ's denial of the peremptory exception of prescription via an application for supervisory writs which would have been subject to the timeline of Uniform Rules—Courts of Appeal, Rule 4–3 and La.Code Civ.P. art. 1914. However, Defendants did not do so; thus, she submits that application would now

5

be untimely, and it is her contention the WCJ's judgment of August 1, 2019 "should have stood."

We consider Jones's contention the WCJ improperly reconsidered its original decision on the issue of prescription similar to that of an exception of *res judicata*. As such, we find the WCJ did not err in reconsidering the exception when it had previously denied same.

The peremptory exception of prescription may be raised at any stage of the proceedings in the court below and even on appeal. La.Code Civ.P. art. 928(B); *Johnson v. Escude*, 07-801 (La.App. 3 Cir. 12/5/07), 971 So.2d 529. Additionally, a pretrial denial of this peremptory exception is an interlocutory order; it does not determine the merits of the case and is therefore not a final judgment. La.Code Civ.P. art. 1841. Accordingly, an earlier ruling by the WCJ denying an exception of prescription is not *res judicata* and can be re-urged at any time in the proceedings. *See Johnson*, 971 So.2d 529. Moreover, the previous denial of an exception of prescription does not preclude a subsequent order sustaining the same exception. *See Bellard v. Seale Guest House*, 04-376 (La.App. 3 Cir. 10/6/04), 884 So.2d 1252. Thus, we find no merit in Jones's assertion the WCJ improperly reconsidered its original decision on the issue of prescription.

We now turn to the issue of whether the WCJ erred in sustaining the subsequent exception of prescription on the merits. Jones contends Defendants had the burden of proving her indemnity claim had prescribed, yet she asserts in brief that Defendants provided "no evidence that [she] never received unearned wages during the period at issue in the [e]xception." We disagree.

Louisiana Revised Statutes 23:1209(A) provides that in the absence of agreement, a claim for workers' compensation indemnity benefits is prescribed unless a formal claim is filed within one year of the accident, or if such payments

6

have been made, within one year of the last payment.[6]  The burden of proof is generally on the party pleading prescription.  However, when a claim for workers' compensation benefits has prescribed on its face, the burden shifts to the claimant to prove prescription has been interrupted or suspended.  *Evans v. Smith*, 06-974 (La.App. 3 Cir. 12/6/06), 945 So.2d 184.  Contrary to Jones's contentions in the instant case, the burden does not shift to Defendants to offer evidence proving Jones was not paid wages in lieu of compensation.

Jones's work accident occurred on March 12, 2016, and her claim seeking indemnity compensation benefits was filed more than two years later on September 20, 2018.  Consequently, prescription is evident on the face of Jones's claim, resulting in Jones bearing the burden of proving prescription had been either interrupted or suspended, rendering the suit timely although filed later than the statutory one-year period.

Our review of the record reveals no evidence establishing an interruption of prescription.  Although Jones insists Gwen Washington could verify she was paid wages in lieu of compensation, Jones did not call Gwen Washington to testify at the trial on the merits.  Further, although Jones now claims she relied on the WCJ's prior application of an adverse presumption for Gwen Washington's failure to appear at the exception hearing, the record reflects that at the end of the exception hearing, the WCJ declared "I want to hear from Ms. Washington concerning whether the hours were worked or not."  Notably, Jones's witness, Genevieve Hebert, testified she observed Jones at work, from the week after Jones's work accident in March 2016 until Jones's surgery in 2018.  Accordingly, we find no error in the WCJ's dismissal

---

[6] Though inapplicable in the instant case, we note La.R.S. 23:1209(A)(3) does provide an exception in the case of an injury which "does not result at the time of or develop immediately after the accident," whereby the prescription period does not end until one year from the date the injury develops, and in no event later than two years from the accident date.

of Jones's claim for indemnity workers' compensation benefits on the basis that, from the face of the claim, Jones's action is prescribed, and Jones failed to introduce any evidence or otherwise bear her burden of proving prescription had been interrupted or suspended.

*Medical Benefits*

In her second assignment of error, Jones asserts the WCJ erred in concluding she failed to prove by a preponderance of the evidence that the work accident caused injury to her lower back, hip, and leg. She further alleges in brief that Defendants had the burden of proving some other particular incident must have caused her lower back, hip, and leg injuries, and the WCJ was, therefore, obligated to find the work accident caused these injuries considering Defendants "presented zero evidence that another particular incident caused [her] injuries." We disagree.

Initially, a workers' compensation claimant has the burden of establishing by a preponderance of the evidence that an accident occurred on the job and that she sustained an injury. *Holiday v. Borden Chem.*, 508 So.2d 1381 (La.1987). Next, the claimant must establish a causal connection between the accident and the resulting disability by a preponderance of the evidence. *West v. Bayou Vista Manor, Inc.*, 371 So.2d 1146 (La.1979).

"In a workers' compensation case, as in other cases, the appellate court's review of factual findings is governed by the manifest error or clearly wrong standard." *Hebert v. C.G. Logan Constr., Inc.*, 06-612, p. 2 (La.App. 3 Cir. 11/2/06), 942 So.2d 77, 79. "Whether a claimant has carried his burden of proof and whether testimony is credible are questions of fact to be determined by the [WCJ]." *Id.*

The issue before us is whether the WCJ erred in finding Jones did not meet her burden of proof that she had a work accident that caused injury to her lumbar spine. The evidence reveals the WCJ 's ruling Jones failed to prove a causal

8

relationship between her work accident and her lumbar spine injury was based, in large part, on the medical evidence presented. While Jones introduced selective medical records into evidence—which primarily demonstrated the evolution of her lower back, hip, and leg pain—she did not secure a medical expert to support her allegation this ailment and her subsequent lumbar surgery were attributable to her work accident. Jones's self-serving testimony that Dr. Drew believed her lower back pain, hip, and leg pain resulted from her work accident is insufficient to outweigh the medical evidence submitted by Defendants.

Defendants' expert, Dr. Alan C. Schroeder, testified he derived a medical opinion after reviewing Jones's medical records and conducting an in-person examination of Jones. Dr. Schroeder opined that "[Jones's] spine complaints are more probably than not the result of a previous degenerative condition in her spine rather than a new occurrence from March of 2016." Considering the record evidence, we find no error in the WCJ's determination Jones failed in her burden of proving the work accident injured her lumbar spine to thereby entitle her to medical compensation benefits.

## DECREE

For the reasons set forth in this opinion, the judgment of the Office of Workers' Compensation is affirmed. Costs are assessed to Toni Marie Jones.

**AFFIRMED.**

9